CARNEY, APPELLANT, *v.* SCHOOL EMPLOYEES RETIREMENT SYSTEM BOARD, APPELLEE.

(No. 86AP-887—Decided October 1, 1987.)

*Cloppert, Portman, Sauter, Latanick & Foley* and *Robert W. Sauter,* for appellant Mary A. Carney.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Andrew I. Sutter,* for appellee.

BOWMAN, J. Appellant was employed as a commercial painter at the University of Akron. In May 1981, appellant fell from scaffolding while painting the ceiling of an auditorium on the university campus. The appellant had been approximately ten feet off the ground when the scaffolding gave way causing her to fall backwards, head first. She struck her neck and shoulder on the auditorium chairs and her hip slammed into a concrete step.

On November 30, 1982, an Industrial Commission hearing officer found appellant to be temporarily and totally disabled. On January 21, 1983, Dr. Flanagan determined that appellant would never be able to return to work.

On January 31, 1983, appellant filed for a disability retirement from the School Employees Retirement System ("SERS"). On March 3, 1983, appellant was examined for the retirement board by Dr. Wolfe who found that appellant was not disabled and who recommended that her application be denied. The board initially denied appellant's application on July 25, 1983, and appellant requested a rehearing. At the rehearing, appellant submitted medical evidence that she was unable to return to work; however, the board upheld its previous decision based on a lack of acceptable medical evidence to establish her inability to work as a painter.

On February 21, 1984, appellant filed a complaint for declaratory judgment in the Summit County Court of Common Pleas. Appellee moved for a change of venue and said motion was granted. On April 19, 1985, the case was filed with the Franklin County Court of Common Pleas. On May 27, 1986, appellee filed a motion to dismiss

for lack of subject matter jurisdiction. Appellee's motion was granted and appellant now brings this appeal alleging the following assignment of error:

"The trial court erred in dismissing appellant's complaint because subject matter jurisdiction was not lacking."

R.C. 3309.39 states that the determination by SERS of whether a person is entitled to disability retirement benefits is final. Therefore, there is no statutory procedure by which the decision of SERS may be appealed.

Appellant filed an action for declaratory judgment in order to have the SERS decision reviewed. An action for declaratory judgment was not the proper vehicle to use to have the SERS determination reviewed since an action for declaratory judgment cannot be used as a substitute for an appeal and, pursuant to R.C. 3309.39, there is no right to appeal a SERS determination.

Appellee contends that the decision of *Fair* v. *School Employees Retirement System* (1978), 53 Ohio St. 2d 118, 7 O.O. 3d 192, 372 N.E. 2d 814, is dispositive of the issue herein in that the syllabus of the case states:

"The determination of whether a member of the School Employees Retirement System is entitled to disability retirement is solely within the province of the School Employees Retirement Board pursuant to R.C. 3309.39."

In *Fair,* the court stated that the regulations of the State Board of Education are not binding on the determinations of SERS concerning the eligibility of a member of the retirement system for disability retirement. In addition, the court determined that there is no statute that confers a remedy of appeal from a decision of SERS denying an application for disability retirement benefits.

This court finds that *Fair* is not applicable to the case at bar since it does not address the issue of whether a decision of SERS can be reviewed despite the fact that decisions of administrative agencies are not always subject to appeal. Decisions of administrative agencies are always subject to review, since to provide otherwise would deny a litigant his due process rights. *Cupps* v. *Toledo* (1959), 170 Ohio St. 144, 10 O.O. 2d 95, 163 N.E. 2d 384.

The question for this court centers on the proper method to review the SERS determination.

Since R.C. 3309.39 denied appellant an adequate remedy at law, a cause of action in mandamus is available to her since she has exhausted all administrative remedies from which she has no right to appeal. In addition, mandamus is available in that it may be utilized to correct any abuse of discretion in the administrative proceedings. *State, ex rel. Breno,* v. *Indus. Comm.* (1973), 34 Ohio St. 2d 227, 63 O.O. 2d 378, 298 N.E. 2d 150. A cause of action in mandamus will lie to permit a private individual to compel a public officer to perform an official act where such officer is under a clear legal duty to do so, and where relator has an interest or is being denied a right or benefit by reason of the public officer's failure to perform the act which he is under the clear legal duty to perform. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631.

Accordingly, appellant's remedy is to file an original action in mandamus so that the decision of SERS can be reviewed to determine whether SERS abused its discretion in denying her application for disability. Therefore, this court finds that appellant's assignment of error is not well-taken and the judgment of the court below is affirmed.

*Judgment affirmed.*

REILLY and MCCORMAC, JJ., concur.