The STATE ex rel. SHUMWAY, Appellant,

v.

STATE TEACHERS RETIREMENT BOARD, Appellee.

[Cite as *State ex rel. Shumway v. State Teachers Retirement Bd.* (1996), 114 Ohio App.3d 280.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE03-346.

Decided Sept. 26, 1996.

*Martin, Pergram & Browning Co., L.P.A., Stephen D. Martin* and *James M. Dietz,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Michael W. Gleespen,* Assistant Attorney General, for appellee.

BOWMAN, Judge.

Appellant, Richard Shumway, was employed as a tenured professor at the Ohio State University ("OSU"). Appellant retired from teaching on December 31, 1991, and was granted a service retirement effective January 1, 1992. Appellant disputed the manner in which his pension benefits were calculated and appealed

to appellee, State Teachers Retirement System Board ("board"), pursuant to R.C. 3307.013(E). The board denied the appeal.

Appellant then filed a complaint in the Franklin County Court of Common Pleas against the board, which administers the State Teachers Retirement System ("STRS"), challenging the manner in which his pension benefits were calculated. Appellant sought a judgment declaring that he had a right to have his pension benefits calculated utilizing his contract year rather than the fiscal year. Appellant also petitioned for a writ of mandamus ordering the board to recalculate his service retirement benefits.

Appellant filed a motion for summary judgment as to his complaint for declaratory judgment. Appellee filed a motion for summary judgment as to all six counts of appellant's complaint. The common pleas court granted STRS's motion for summary judgment and denied appellant's motion. Appellant filed a notice of appeal and raises the following assignments of error:

"Assignment of Error No. 1

"The trial court committed prejudicial error in not granting Appellant summary judgment as to Count One of Appellant's Complaint.

"Assignment of Error No. 2

"The trial court committed prejudicial error in granting Appellee summary judgment as to Count One of Appellant's Complaint.

"Assignment of Error No. 3

"The trial court committed prejudicial error in granting Appellee summary judgment as to Count Two of Appellant's Complaint.

"Assignment of Error No. 4

"The trial court committed prejudicial error in granting Appellee summary judgment as to Count Four of Appellant's Complaint.

"Assignment of Error No. 5

"The trial court committed prejudicial error in granting Appellee summary judgment as to Count Five of Appellant's Complaint.

"Assignment of Error No. 6

"The trial court committed prejudicial error in granting Appellee summary judgment as to Count Six of Appellant's Complaint."

In its brief to this court, appellee raised a cross-assignment of error as follows:

"The trial court erred by failing to determine that it was without jurisdiction to hear a challenge to STRB's denial of appellant's appeal to have additional compensation included for purposes of his FAS calculation."

■■■ By the cross-assignment of error, appellee contends that the common pleas court erred by failing to determine that it lacked jurisdiction to hear appellant's challenge to the board's denial of his appeal to have additional compensation included for purposes of his final average salary ("FAS") calculation. In order to raise this issue, appellee should have filed a notice of appeal or notice of cross-appeal. App.R. 4. Since appellee failed to do so, it is precluded from raising the issue on appeal and the cross-assignment of error is overruled.[1]

Service retirement benefits for members of STRS are calculated using the amount of service credit the member accrued over the employment period, age, FAS, and the benefit plan selected. R.C. 3307.38. R.C. 3307.013(C) provides that FAS is determined by "dividing the sum of the member's annual compensation for the three highest years of compensation for which he made contributions plus any amount determined under division (E) of this section by three * * *."

"Compensation" is defined in R.C. 3307.01(U)(1) as follows:

"[A]ll salary, wages, and other earnings paid to a teacher by reason of his employment, including compensation paid pursuant to a supplemental contract. * * * "

Amounts which would otherwise have been included within the definition of compensation are now excluded by an amendment of R.C. 3307.013(B). In 1991, Am.Sub.H.B. No. 180 amended R.C. 3307.013, and became effective on October 29, 1991, several months prior to the effective date of appellant's retirement. Prior to that amendment, earnings included in compensation were limited in only the single highest full year of compensation and any partial year. Now earnings included in compensation are limited in the member's two highest years of compensation and any partial year. As a result of the amendment, STRS is required to exclude any amount resulting from a percentage increase paid to a

---

1. Even assuming a proper notice of appeal had been filed, the cross-assignment of error is without merit. R.C. 3307.013(E) provides:

"Any applicant for retirement who has had any amount excluded from his compensation * * * may request a hearing on this exclusion. Upon receiving such a request, the board shall determine in accordance with its criteria and procedures whether, for good cause as determined by the board, all or any portion of any amount excluded from the applicant's compensation * * * is to be included in the determination of final average salary under division (C) of this section. *Any determination of the board under this division shall be final.*" (Emphasis added.)

Appellee argues that, since the legislature has declared that the determination of the board shall be final, appellant has no right to challenge the board's determination in the common pleas court. This court determined in *Carney v. School Emp. Retirement Sys. Bd.* (1987), 39 Ohio App.3d 71, 72, 528 N.E.2d 1322, 1323–1324, that decisions of administrative agencies are always subject to review, although not necessarily to an appeal, since to provide otherwise would deprive a litigant of his due process rights. Also, mandamus is available to correct any abuse of discretion in the administrative proceedings. See, also, *State ex rel. McMaster v. School Emp. Retirement Sys.* (1994), 69 Ohio St.3d 130, 133, 630 N.E.2d 701, 704–705.

member during his two highest years of compensation that exceeds the greater of either (1) the highest percentage increase in compensation paid during any of the three years immediately preceding the member's two highest years of compensation and any subsequent partial year of compensation used to calculate FAS, or (2) a percentage increase paid to the member as part of an increase generally applicable to members employed by the employer.

Therefore, pursuant to R.C. 3307.013(B), as amended, earnings for the 1989–1990 year constituted appellant's second highest year of compensation and were subject to the percentage limitations. This resulted in an exclusion for that year from the amount used to calculate his FAS. Appellant's FAS was determined using a year beginning July 1 and ending June 30 of the following year. As a result of using that definition of "year," appellant's service retirement benefits were decreased by approximately $488 per month from the amount he would have received if the year was defined as beginning October 1 and ending September 30. If appellant's definition of "year" is utilized, the increase in earnings is designated in the third highest year and the limits of R.C. 3307.013 would not apply since the limits only apply to the two highest years of compensation.

By the first and second assignments of error, appellant contends that the common pleas court committed prejudicial error in not granting him summary judgment and granting appellee's summary judgment motion as to count one of appellant's complaint. In count one of his complaint, appellant sought a declaratory judgment that he has a right to have his service retirement benefits determined by using his contract year with OSU, which he contends began on October 1 and ended September 30 of the following year, for determining his FAS, rather than the fiscal year, beginning July 1 and ending June 30 of the following year.

 Summary judgment is proper only when the common pleas court, construing the facts in a light most favorable to the nonmovant, determines that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A genuine issue of material fact exists unless it is clear that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 151, 66 O.O.2d 311, 311–312, 309 N.E.2d 924, 925. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis *sic.*) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264, 276.

■■ The common pleas court did not err in denying appellant's motion and granting appellee's motion for summary judgment as to the declaratory judgment action because a declaratory judgment action is an inappropriate vehicle to have the board's determination reviewed. Pursuant to R.C. 3307.013(E), there is no right to appeal the board's determination, and a declaratory judgment action cannot be substituted for an appeal. *Carney v. School Emp. Retirement Sys. Bd.* (1987), 39 Ohio App.3d 71, 72, 528 N.E.2d 1322, 1323–1324. Summary judgment may be rendered where the pleadings and the arguments of the party seeking summary judgment clearly establish that the nonmoving party has no legally cognizable cause of action. *Dresher*, 75 Ohio St.3d at 297–298, 662 N.E.2d at 276–277. Thus, the common pleas court did not err in denying appellant's summary judgment motion and in granting appellee's summary judgment motion as to count one of appellant's complaint. Appellant's first and second assignments of error are not well taken.

Appellant's third, fifth and sixth assignments of error are related and will be addressed together. By the third assignment of error, appellant contends that the common pleas court erred in granting appellee's summary judgment motion as to count two of appellant's complaint. In count two of the complaint, appellant sought a writ of mandamus ordering the board to recalculate his service retirement benefits using his contract year with OSU, rather than the fiscal year so as to include his reported compensation in determining the amount of his FAS. Appellee argues that the statutory definition of "year" creates a presumption that "year," as used in calculating FAS, be defined as beginning on July 1 and ending on June 30 of the following year.

R.C. 3307.01(O) sets forth the definition of "year" for purposes of determining FAS as follows:

" 'Year' means the year beginning the first day of July and ending with the thirtieth day of June next following, except that for the purpose of determining final average salary, 'year' may mean the contract year."

A presumption of fiscal year is not created because the definition of "year," for purposes of determining FAS, specifically states that a contract year may be used.

■ Shumway submitted his affidavit stating that his contract year was October 1 through September 30 of the following year. He attached a copy of the OSU Personnel Action Request No. 312315 ("PAR") for the 1988–1989 employment year. The PAR confirmed appellant's employment for October 1, 1988 through September 30, 1989. It also included an additional concurrent appointment for the summer of 1989. In another affidavit, appellant stated that his contractual relationship with OSU consisted of many components, including a

letter of offer, notice of appointment, statutes, bylaws, rules of the university faculty, college statements of criteria and procedures for promotion and tenure, the faculty handbook, and other written understandings. Appellant also stated that the faculty handbook provides that contracts of employment are not in the form of a single document, and that the Operating Manual provides that nine-month faculty appointments are effective for the academic year, from October 1 through September 30 of the following year. However, appellant did not attach the pertinent portions of the faculty handbook or the Operating Manual.

Appellee attached to its motion for summary judgment an affidavit from the staff counsel of STRS, who maintains under her control and supervision the official records of membership in STRS. She stated that the file attached to her affidavit was a true and accurate copy of the member records of appellant which are maintained by STRS. Included within that file were copies of appellant's notices of appointment confirming his appointments to teach for three quarters, or a nine-month academic year.

In *Ojalvo v. Bd. of Trustees, Ohio State Univ.* (Sept. 14, 1989), Franklin App. No. 88AP–773, unreported, 1989 WL 106340, this court determined that the notices of appointment were binding contracts. However, in *Ojalvo,* the plaintiff presented evidence that he was an academic or nine-month faculty member but paid over a twelve-month period. The payment schedule was important because the appointment was either from October 1 through September 30 of the following year, or July 1 through June 30 of the following year depending upon the payment schedule of the faculty member.

Appellee argues that, pursuant to *Willson v. Bd. of Trustees, Ohio State Univ.* (Dec. 24, 1991), Franklin App. No. 91AP–144, unreported, 1991 WL 274862, appellant's PARs are not evidence of his contracts because, in *Willson,* this court stated that the faculty rules required an appointment to the university to be made "(1) by the Board; (2) in writing; (3) signed by the secretary of the Board; and (4) sent to the appointee." Appellant's PARs do not meet these require-ments and, therefore, appellee argues, the notices of appointment constitute the evidence that appellant did not have a contract year, and that "year" should be defined using the fiscal year.

▇ However, appellant argues that appellee's copies of the notices of appoint-ment were not properly authenticated and, thus, the common pleas court could not consider them. In *Mitchell v. Ross* (1984), 14 Ohio App.3d 75, 14 OBR 87, 470 N.E.2d 245, the court stated, "Documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court." Although the notices of appointment were attached to an affidavit of the staff counsel of STRS, who stated that the file was

a true and accurate copy of the STRS file, the notices of appointment originated from OSU. No authentication from a proper witness from OSU was provided.

Civ.R. 56(E) requires authentication as follows:

" * * * Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in the affidavit shall be attached thereto or served therewith. * * * "

Thus, Civ.R. 56(E) requires documents to be authenticated by an affidavit that meets the above requirements. The affiant must be a person who has personal knowledge. " 'Personal knowledge' is defined as: '[k]nowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay.' " *Brannon v. Rinzler* (1991), 77 Ohio App.3d 749, 756, 603 N.E.2d 1049, 1054.

In this case, that affiant did not have personal knowledge of the records generated at OSU. These records also are required to be admissible at trial and do not meet the business records exception to hearsay. Evid.R. 803(6). The information received from outside sources is not part of STRS business records for purposes of Evid.R. 803(6), since the information from outside sources was not properly authenticated. See *Hytha v. Schwendeman* (1974), 40 Ohio App.2d 478, 486, 69 O.O.2d 419, 423–424, 320 N.E.2d 312, 318. Thus, as submitted, the records were not properly authenticated for Civ.R. 56 purposes, as hearsay is not admissible. Appellant's third assignment of error is well taken.

By the fifth and sixth assignments of error, appellant contends that the common pleas court erred in granting appellee's summary judgment motion as to counts five and six of his complaint. In count five, appellant alleged that the board deprived him of a property interest without due process of law by denying his appeal in which his evidence proved good cause under R.C. 3307.013(E). In count six of his complaint, appellant alleged that the board's denial of his appeal was arbitrary, capricious, unreasonable, contrary to law and constitutes an abuse of discretion.

R.C. 3307.013(E) provides:

" * * * Upon receiving such a request [for a hearing], the board shall determine in accordance with its criteria and procedures whether, for good cause as determined by the board, all or any portion of any amount excluded from the applicant's compensation * * * is to be included in the determination of final average salary * * *."

Inasmuch as appellant failed to submit evidence which would support his claim that his contract year from October 1 through September 30 was to be used as a basis for determining FAS, the evidence is also insufficient to determine whether appellant demonstrated good cause for including the amount which had been excluded from his compensation pursuant to R.C. 3307.013(B). Therefore, appellant's fifth and sixth assignments of error are not well taken.

By the fourth assignment of error, appellant contends that the common pleas court erred in granting appellee's summary judgment motion as to count four of appellant's complaint. In count four of the complaint, appellant alleged that STRS and the board are estopped from applying R.C. 3307.013(B) to his service retirement benefits because of their conduct.

■ Appellant met with a STRS counselor three times in connection with his retirement. Appellant contends that, because of his reliance upon the advice and benefit projections that he received from the counselor and the fiduciary relationship STRS maintains with its members, STRS should be estopped from applying the statute to the determination of his benefits. Appellant also contends that estoppel should apply since STRS was working with the General Assembly to amend the law, while at the same time advising him as to his benefits.

"Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 34, 641 N.E.2d 188, 196.

■ It is well settled that, as a general rule, equitable estoppel is not applied against a state or its agencies in the exercise of a governmental function. *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145–146, 555 N.E.2d 630, 632–633, citing *Sekerak v. Fairhill Mental Health Ctr.* (1986), 25 Ohio St.3d 38, 39, 25 OBR 64, 64–65, 495 N.E.2d 14, 15. Thus, appellant's fourth assignment of error is not well taken.

For the foregoing reasons, appellant's first, second, fourth, fifth and sixth assignments of error are overruled, appellant's third assignment of error is sustained, and appellee's cross-assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with law and this decision.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and DESHLER, JJ., concur.