The STATE ex rel. SWARTZLANDER, Appellant,

v.

STATE TEACHERS RETIREMENT BOARD, Appellee.

[Cite as *State ex rel. Swartzlander v. State Teachers Retirement Bd.* (1996), 117 Ohio App.3d 131.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE05–695.

Decided Dec. 31, 1996.

*Betty D. Montgomery*, Attorney General, and *Michael W. Gleespen*, Assistant Attorney General, appellee.

*Martin, Pergram & Browning Co., L.P.A.*, and *James M. Dietz; Schopf & Weiss* and *Kenneth Kraus*, for appellant.

JOHN C. YOUNG, Judge.

Appellant, Harry Swartzlander, was employed by the Edison Local School District in various positions since 1956. In 1977, appellant was promoted to superintendent of the school district and served in that capacity for sixteen years. In 1991, appellant began to think seriously about retirement. Around that same time, the Edison School Board decided to give appellant a raise in salary from $54,380 to $62,962, and also decided to pay or "pick up" appellant's personal share of retirement contributions. Because the payment of the "pick up" is considered compensation to a member of the retirement system, appellant would have been

required to make personal contributions on this "pick up." Instead, the school board was also willing to pay these personal contributions on appellant's behalf.

Because of his concern that the "pick up on the pick up" be included in the determination of his final average salary ("FAS") for purposes of retirement benefits, appellant asked Lorraine Ramsey, the Edison treasurer, to call the retirement system to be certain that the additional compensation would be included in determining his FAS. Ramsey received a letter indicating that, in order for the "pick up" to be included in the FAS, the "pick up" must have been in effect for two full years prior to retirement. The school board proceeded with its plan to raise appellant's salary and to pay the "pick up on the pick up." Ramsey sent a confirmation letter to the retirement system to inform them of the school board's action. The school board received a letter, dated August 6, 1991, from Gene Horton confirming that the "pick up" would be included in the determination of appellant's FAS.

In November 1992, appellant contacted the State Teachers Retirement System ("STRS") and asked for the specific annual amount of his benefits calculated as of an April, June, or August 1993 date of retirement. Appellant received an estimate from STRS by letter dated January 12, 1993. In that letter, STRS explained to appellant that R.C. 3307.013 would require the exclusion of any compensation earned in the highest two years that exceeds the highest percentage increase in the three preceding years. STRS further provided appellant with the requested estimates of benefits.

Appellant was not satisfied with the calculation of his retirement benefits and appealed to the State Teachers Retirement Board ("board") pursuant to R.C. 3307.013(E). Under this section, if a retiree can show "good cause" to include previously excluded compensation, then the board may include that compensation up to $7,500. In the present case, the board denied the additional increase, and appellant filed a complaint in the Franklin County Court of Common Pleas against the board challenging the manner in which his pension benefits were calculated. Appellant sought a judgment declaring that he had a right to have the board use all of his 1991–1992 and 1992–1993 compensation, including June and July 1993, in the calculation of his FAS. Appellant also asked that both the STRS and the board be estopped from applying R.C. 3307.013(B) to him because they had deceived him, and he asked for a determination that the board order was arbitrary, capricious, unreasonable, and contrary to law, and that it constituted a gross abuse of discretion. Appellant also petitioned for a writ of mandamus ordering the board to recalculate his service retirement benefits.

Both parties filed motions for summary judgment. The common pleas court granted STRB's motion for summary judgment and denied appellant's motion. Appellant filed a notice of appeal and raises the following assignments of error:

"ASSIGNMENT OF ERROR NO. 1

"The trial court committed prejudicial error in not granting Appellant Harry Swartzlander summary judgment.

"ASSIGNMENT OF ERROR NO. 2

"The trial court committed prejudicial error when it granted Appellee summary judgment."

In its brief to this court, appellee, STRB, raises a cross-assignment of error as follows:

"The trial court erred by failing to determine that it was without jurisdiction to hear a challenge to STRB'S denial of appellant's appeal to have additional compensation included for purposes of his fas calculation."

In the cross-assignment of error, appellee contends that the common pleas court erred in failing to determine that it lacked jurisdiction to hear appellant's challenge to the board's decision regarding his appeal to have additional compensation included for purposes of his FAS calculation. In order to raise this issue, appellee should have filed a notice of appeal or notice of cross-appeal pursuant to App.R. 4. Because appellee has failed to do so, it is precluded from raising this issue on appeal and the cross-assignment of error is overruled. This same conclusion was reached by this court in *State ex rel. Shumway v. State Teachers Retirement Bd.* (1996), 114 Ohio App.3d 280, 683 N.E.2d 70, where, after overruling the cross-assignment of error, this court stated as follows in a footnote:

"Even assuming a proper notice of appeal had been filed, the cross-assignment of error is without merit. R.C. 3307.013(E) provides:

" 'Any applicant for retirement who has had any amount excluded from his compensation * * * may request a hearing on this exclusion. Upon receiving such a request, the board shall determine in accordance with its criteria and procedures whether, for good cause as determined by the board, all or any portion of any amount excluded from the applicant's compensation * * * is to be included in the determination of final average salary under division (C) of this section. *Any determination of the board under this division shall be final.*' (Emphasis added.)

"Appellee argues that, since the legislature has declared that the determination of the board shall be final, appellant has no right to challenge the Board's determination in the common pleas court. This court determined in *Carney v. School Emp. Retirement System Bd.* (1987), 39 Ohio App.3d 71, 72, 528 N.E.2d 1322, 1323–1324, that decisions of administrative agencies are always subject to

review, although not necessarily to an appeal, since to provide otherwise would deprive a litigant his due process rights. Also, mandamus is available to correct any abuse of discretion in the administrative proceedings. See, also, *State ex rel. McMaster v. School Emp. Retirement Sys.* (1994), 69 Ohio St.3d 130, 133 [630 N.E.2d 701, 704–705]." 114 Ohio App.3d at 284, 683 N.E.2d at 72, fn. 1.

Appellant's assignments of error are interrelated and will be addressed together. Service retirement benefits for members of STRS are calculated using the amount of service credit the member accrued over the employment period, age, final average salary ("FAS"), and the benefit plan selected. R.C. 3307.38. R.C. 3307.013(C) provides that the FAS is determined by "dividing the sum of the member's annual compensation for the three highest years of compensation for which he made contributions plus any amount determined under division (E) of this section by three."

"Compensation" is defined in R.C. 3307.01(U) as follows:

"[A]ll salary, wages, and other earnings paid to a teacher by reason of his employment, including compensation paid pursuant to a supplemental contract."

Certain amounts which would have otherwise been included within the definition of compensation are now excluded by following the amendment of R.C. 3307.013(B). Am.Sub.H.B. No. 180 amended R.C. 3307.013 and became effective on October 29, 1991, several months after appellant and the school board first contacted STRS regarding the "pick up" and nearly two years before appellant retired. Prior to that amendment, earnings included in compensation were limited to only the single highest full year of compensation and any partial year. After the amendment, earnings included in compensation are limited to the member's two highest years of compensation and any partial year. As a result, STRS is required by law to exclude any amount resulting from a percentage increase paid to a member during his two highest years of compensation that exceeds the greater of either (1) the highest percentage increase in compensation paid during any of the three years immediately preceding the member's two highest years of compensation and any subsequent partial year of compensation used to calculate FAS; or (2) a percentage increase paid to the member as part of an increase generally applicable to members employed by the employer.

Pursuant to R.C. 3307.013(B), as amended, appellant's earnings for the 1991–1992 and the 1992–1993 school years were reduced and resulted in an exclusion for that year from the amount used to calculate his FAS. It is this exclusion that is the subject of this appeal. According to appellant's assertions, members of STRS deceived him by not informing him that Am.Sub.H.B. No. 180 was pending,

that STRS was in favor of the passage of the bill, and, that if the bill passed, his retirement benefits would be affected.

The trial court overruled appellant's motion for summary judgment and granted the motion of appellee STRB instead. Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615. Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made.

The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show genuine issue for trial. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

■ The common pleas court did not err in denying appellant's motion and granting appellee's motion for summary judgment as to appellant's declaratory judgment action because a declaratory judgment action is an inappropriate vehicle to have the board's determination reviewed. Pursuant to R.C. 3307.013(E), there is no right to appeal the board's determination and a declaratory judgment action cannot be substituted for an appeal. *Carney v. School Emp. Retirement Sys. Bd.* (1987), 39 Ohio App.3d 71, 528 N.E.2d 1322; *Shumway, supra,* 114 Ohio App.3d at 285–286, 683 N.E.2d at 73–74. Where the pleadings and the arguments of the parties seeking summary judgment clearly establish that the nonmoving party has no legally cognizable cause of action, summary judgment may be rendered. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 297–298, 662 N.E.2d 264, 276–277. Therefore, the common pleas court did not err in denying appellant's summary judgment motion as to appellant's count seeking declaratory relief.

Likewise, the trial court properly denied appellant's motion and granted appellee's motion for summary judgment as to appellant's estoppel argument. In *Shumway, supra,* this court refused to apply equitable estoppel based upon the same argument raised herein by appellant.

■ Appellant also sought a writ of mandamus ordering the board to recalculate his service retirement benefits using all of his 1991–1992 and 1992–1993 compensation, including June and July 1993, in computing his FAS. Appellant contends that the board abused its discretion when it found that he had failed to establish good cause for including those amounts in the calculations of his FAS, and that the trial court should have so held.

This court has reviewed the record and notes that, although appellant had a hearing before the board, there is no transcript of those proceedings in the record. Therefore, the trial court would have presumed the regularity of the board's proceedings, and, consequently, our ability to review the matter is rather limited. Although appellant attempts to paint the picture that STRS and its employees set out to deceive him, the record does not bear out those allegations. Instead, appellant was given an accurate statement of the law when the inquiries were made about his retirement benefits. Furthermore, as the trial court indicated, until appellant actually retired, his benefits did not vest. R.C. 3307.711. Up until that time, information concerning retirement benefits is nothing more than an estimate based upon the status of the current law. Appellant's complaint simply is not sufficient to show that he is entitled to a writ of mandamus. Thus, the trial court did not err in denying his motion for summary judgment and granting the motion of appellee with regard to appellant's claim for a writ of mandamus.

Based on the foregoing, appellant's assignments of error are not well taken and are overruled. Appellee's cross-assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE, P.J., and DESHLER, J., concur.