OPINION
This matter comes before the court upon plaintiff's appeal of the trial court's decision to award summary judgment in favor of defendants. Plaintiff raises the following four assignments of error:
 [I.] The trial court failed to properly construe all evidence in favor of the plaintiff as it was required to do under Ohio R.Civ.P. 56.
 [II.] The trial court erred in not finding badges of fraud to indicate a fraudulent transfer.
 [III.] The trial court erred in holding that the property at 104 W. Main Street sold for reasonably equivalent value.
 [IV.] The trial court erred in finding that a transfer is not fraudulent against a person acting in good faith and for reasonably equivalent value.
On February 18, 1999, plaintiff, Mychana Burton, filed this action against defendants, James Triplett, his son Thor Triplett, and daughter Ragna Triplett, alleging that James had fraudulently transferred property he owned at 104 West Main Street in Columbus to his children. Plaintiff claimed that the defendant sold the property in order to prevent plaintiff from collecting on a judgment she anticipated receiving as a result of a housing discrimination suit she had previously filed against him.
On October 16, 2000, defendants moved for summary judgment claiming, among other things, that defendants Thor and Ragna purchased 104 West Main Street for "reasonably equivalent value" and, thus, that the purchase did not constitute a fraudulent transfer. Plaintiff responded to the defendants' motion on November 2, 2000, attaching several items in support of her memorandum. However, on November 13, 2000, defendants moved to strike plaintiff's evidentiary material from consideration, arguing both that it did not conform to the requirements of Civ.R. 56 and, also, that it was not timely filed. Defendants' motion was heard by the trial court on December 21, 2000. After that hearing, the court concluded:
 The plaintiff filed her Memorandum Contra Defendants' Motions for Summary Judgment on November 2, 2000. Plaintiff marked and attached thereto eight (8) exhibits offered in support of her Memorandum Contra. On November 13, 2000, the defendants filed a Motion to Strike all of the exhibits and evidence offered therein except Exhibit 7 (Interrogatory Responses of defendant, James Triplett).
 The exhibits and evidence objected to consists of the following:
 1. Exhibits 1A-1E — uncertified Court Entries from Case No. 96-CVH08-5764 (pending housing discrimination suit involving plaintiff and defendant, James Triplett) attached to the affidavit of plaintiff's Attorney, Alexander M. Spater;
 2. Exhibits 2A-2D_— uncertified Court Entries from Case No. 97-CVH03-3966 (case involving the law firm of Moots, Cope Stanton and defendant, James Triplett) attached to affidavit of John M. Cope;
 3. Exhibits 3, 4 and 5 — excerpts of trial transcripts testimony of defendants, James Triplett and Thor Triplett, and Robert Metzger during a 1992 eminent domain trail involving the City of Columbus and James Triplett involving the property in question in this case;
 4. Exhibit 6_ — a copy of an appraisal report dated May 21, 1994 performed by Ron Davis, an appraiser hired by James Triplett during the eminent domain proceedings involving the City of Columbus; and
 5. Exhibit 8 — excerpts of the deposition testimony of defendant, James Triplett conducted in this case. [2/6/01 Judgment Entry at 1-2.]
The trial court continued:
 The Court holds that Exhibits 1A-1E and 2A-2D were not properly authenticated by either affidavit or certification by the custodian of those records, i.e. the Clerk of Courts. State ex rel. Shumway v. State Teachers Retirement Bd. (1996), 114 Ohio App.3d 280, 287-88. * * *
 The Court holds that plaintiff failed to timely file with the Court the complete trial transcript testimony encompassed in Exhibits 3, 4 and 5, which are incomplete excerpts of trial transcript testimony from a prior proceeding. See, Civ.R. 5(D) and Loc.R. 57.02. The Court further notes that plaintiff attributes Exhibits 3 and 4 as the testimony of James Triplett and Thor Triplett in the 1992 eminent domain trial. The plaintiff cites the exhibits as support for their testimony in that trial as to their opinion of value of the property. However, the attached excerpts do not contain the testimony attributed thereto by the plaintiff in her Memorandum Contra. Thus, these excerpts as originally submitted did not even support the testimony cited by the plaintiff in her Memorandum Contra.
 The Court holds that Exhibit 6, which contains excerpts of an appraisal report from Ron Davis, is not properly authenticated. The attached report is a copy of the original report done in May, 1994. The proper method for introducing documents of this type in summary judgment proceedings is incorporating them into a properly framed affidavit. Cincinnati v. Ohio Counsel 8, Amer. Fed. (1991), 61 Ohio St.3d 658. The plaintiff has thus failed to properly authenticate this report and it is inadmissible.
 The Court holds that Exhibit 8 is also inadmissible since the plaintiff failed to timely file James Triplett's deposition transcript with the Court. See, Civ.R. 5(D) and Loc.R. 57.02. See also, Sabol v. Richmond Heights Hospital (1996), 111 Ohio App.3d 598, 604. [Id. at 2-3.]
On appeal, plaintiff asks that we determine whether the trial court correctly entered summary judgment in favor of defendants. In doing so, we apply the same standard applied by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102. That standard is contained in Civ.R. 56(C), which provides, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
The Ohio Supreme Court has held that in order for a motion for summary judgment to be granted, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. In order to carry this burden:
 [T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * [Id. at 292-293.]
Although the court must view the facts in a light most favorable to the nonmoving party, Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the allegations or denials contained in his or her pleadings, but must come forward with specific facts showing the existence of a genuine issue for trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111, following Celotex v. Catrett (1986), 477 U.S. 317; and Morris v. Ohio Casualty Ins. Co. (1988), 35 Ohio St.3d 45.
In her first assignment of error, plaintiff complains that the trial court improperly excluded evidence she offered in response to defendants' motion for summary judgment.
The admission or exclusion of evidence will not be reversed unless there has been a clear and prejudicial abuse of discretion. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163, citing State v. Lane (1976),49 Ohio St.2d 77; State v. Bayless (1976), 48 Ohio St.2d 73; Smith v. Smith (1925), 125 Ohio St. 137; and City of Lima v. Freeman (1971),27 Ohio App.2d 72. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is clearly and palpably unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
As previously noted, Civ.R. 56(C) provides that summary judgment is appropriate only if the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," show there to be no genuine issue of material fact. (Emphasis added.) In this case, plaintiff's exhibit 1A is a photocopy of a decision and entry rendered in 1997. That decision was rendered in another case by Judge Connor of the Franklin County Court of Common Pleas. As noted by the trial court, it is not an original document, is not from or related to this litigation, and was not authenticated by the judge, or the custodian of the record. This same analysis applies equally to plaintiff's exhibits 1B through 1E, and 2A through 2D.
In State ex rel. Shumway v. State Teachers Retirement Bd. (1996),114 Ohio App.3d 280, we noted that:
 * * * [A]ppellant argues that appellee's copies of the notices of appointment were not properly authenticated and, thus, the common pleas court could not consider them. In Mitchell v. Ross (1984), 14 Ohio App.3d 75
* * * the court stated, "Documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court." * * * [Id. at 287.]
According to Shumway, plaintiff's exhibits 1A through 1E, and 2A through 2D were properly excluded.
Plaintiff's exhibits 3, 4, and 5 are photocopies of excerpts from trial testimony given by several individuals in unrelated litigation which occurred in 1992. As noted by the trial court, these exhibits were incomplete and unauthenticated. Plaintiff also failed to timely file the complete transcript in accordance with Civ.R. 5(D).
Plaintiff's exhibit 6 is a photocopy of an appraisal report generated as a result of unrelated litigation in 1994. It, also, is unauthenticated. Finally, plaintiff's exhibit 8 consists of excerpts of defendant James Triplett's deposition testimony taken in this case. However, plaintiff failed to timely file an authenticated transcript of this deposition with the court. Civ.R. 5(D). See, also, Sabol v. Richmond Hts. (1996), 111 Ohio App.3d 598.
Once the deficiencies in plaintiff's evidentiary material had been brought to light, plaintiff filed late, and without permission or a request for permission, documents which she asserted were properly authenticated. The court ruled, however, that these filings were untimely under Loc.R. 57.02 of the Franklin County Court of Common Pleas, a finding plaintiff harshly criticizes as a "hypertechnical application of Local Rule 57.02." (Plaintiff's brief at 7.)
We are unwilling to adopt the position that the trial court's observance of the Civil Rules of Procedure, as well as its local rules and filing deadlines, constitutes an abuse of discretion in this case. Indeed, plaintiff's argument that the court abused its discretion in holding plaintiff to the deadlines set forth in the case schedule seems disingenuous, as plaintiff moved to strike the defendants' reply brief to her memorandum contra on the basis that defendants' brief exceeded the page limitation set forth in the court's Loc.R. 12.02. In this case, the trial court did not abuse its discretion when it excluded evidence which was not timely filed in opposition to the defendants' motion for summary judgment. See State ex rel. Baran v. Fuerst (1992), 65 Ohio St.3d 413.
The trial court also correctly concluded that plaintiff's evidence was not properly presented by way of a Civ.R. 56(E) affidavit. Civ.R. 56(C) explicitly provides that no evidence may be properly considered in connection with a motion for summary judgment, "except as stated in this rule." This has been acknowledged by the Ohio Supreme Court on any number of occasions, such as in State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, wherein the Court stated:
 * * * Civ.R. 56(C) enumerates "pleading[s], depositions * * * in the pending case, and written stipulations of fact." The complaints and judgment entries, submitted without affidavit, are none of these. Accordingly, the case is not a proper one for summary judgment. * * * [Id. at 109.]
See, also, Martin v. Central Ohio Transit Auth. (1990),70 Ohio App.3d 83, wherein this court noted that Civ.R. 56 "does not include transcripts of other proceedings as materials that may be considered in summary judgment." Id. at 90.
The proper procedure for the introduction of evidentiary matter not specifically authorized by Civ.R. 56(C) is to submit that material to the court accompanied and incorporated by reference into a properly framed affidavit. Id. at 89, citing Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220. However, Civ.R. 56(E) clearly provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."
An affiant must be a person who has personal knowledge of the matters set forth in his or her affidavit. "`Personal knowledge' is `[k]nowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay." Shumway, supra, at 288, citing Brannon v. Rinzler (1991), 77 Ohio App.3d 749,756.
Applying these rules in the Shumway case, we explained as follows:
 * * * Although the notices of appointment were attached to an affidavit of the staff counsel of STRS, who stated that the file was a true and accurate copy of the STRS file, the notices of appointment originated from OSU. No authentication from a proper witness from OSU was provided.
* * *
 In this case, that affiant did not have personal knowledge of the records generated at OSU. These records also are required to be admissible at trial and do not meet the business records exception to hearsay. Evid.R. 803(6). The information received from outside sources is not part of STRS business records for purposes of Evid.R. 803(6), since the information from outside sources was not properly authenticated. See Hytha v. Schwendeman (1974), 40 Ohio App.2d 478, 486, 69 O.O.2d 419, 423-424, 320 N.E.2d 312, 318. Thus, as submitted, the records were not properly authenticated for Civ.R. 56 purposes, as hearsay is not admissible. * * * [Id. at 287-288.]
In this case, plaintiff failed to attach and incorporate her nonconforming evidentiary material to an affidavit, or affidavits, which had been made on personal knowledge. While all admissible evidence is to be construed in favor of the plaintiff, inferences must "arise from the evidence properly submitted." American Motors v. Munhall Co. (Apr. 9, 1991), Franklin App. No. 90AP-1328, unreported.
For all of the foregoing reasons, we are unable to conclude that the trial court's adherence to the requirements and deadlines set forth in the Civil Rules of Procedure, or its own local rules, constituted an abuse of its discretion. Accordingly, plaintiff's first assignment of error is overruled.
In plaintiff's second assignment of error, she claims that the trial court erred in not finding the existence of "badges of fraud." She further argues that the trial court erred in not finding that plaintiff came forward with evidence establishing at least five "badges of fraud."
In Baker Sons v. GSO Equip. (1993), 87 Ohio App.3d 644, we explained as follows:
 A transfer is fraudulent as to present or future creditors if the debtor made the transfer "[w]ith actual intent to hinder, delay or defraud any creditor of the debtor * * *." R.C. 1336.04(A)(1). In determining actual intent, R.C. 1336.04(B) lists several statutory factors, or the so-called "badges of fraud," that a court considers to determine if an inference of fraud exists. If the party alleging fraud is able to demonstrate a sufficient number of badges, the burden of proof then shifts to defendant to prove that the transfer was not fraudulent. * * * [Id. at 650.]
In this case, defendants presented evidence demonstrating there was no intent to defraud. Plaintiff presented no admissible evidence to rebut defendants' evidence and, in her deposition, admitted that she possesses no evidence that defendant James Triplett intended to defraud her. (Burton depo. at 59-61.) Plaintiff's second assignment of error is therefore overruled.
In her third assignment of error, plaintiff claims that the trial court incorrectly found no evidence existed to rebut defendants' claim that the property at 104 West Main Street sold for reasonably equivalent value. While plaintiff makes several arguments in support of this assignment of error, the only admissible evidence that the sale price of $238,000 was for reasonable equivalent value, was presented by the defendants. This evidence consisted of: (1) an admissible expert appraisal which valued the property at the time of the sale at $240,000; (2) records of the Franklin County Auditor, who assessed the value of the property in January 1999 at $91,000, and (3) evidence of two comparable sales within the same city block that sold for less per square foot.
Moreover, even if we were to find from the excluded evidence that a "sufficient number" of badges exist, as we explained in Baker Sons, the payment of reasonably equivalent value, even if the intent to defraud could be said to exist, is an affirmative defense to a claim under R.C.1336.04. Id. at 650-651. Plaintiff's third assignment of error is therefore overruled.
In her fourth and final assignment of error, plaintiff complains that the trial court erred in finding that the transfer was not fraudulent against a person acting in good faith and for reasonably equivalent value. See R.C. 1336.08(A). In support of this claim, plaintiff re-argues that she has presented evidence of an intent to defraud. However, as noted above, plaintiff offered no evidence that defendants Thor and Ragna Triplett acted in bad faith, nor did plaintiff offer any admissible evidence to rebut defendants' evidence that the property was purchased for reasonably equivalent value. Plaintiff's fourth assignment of error is therefore also overruled.
Having overruled all four of plaintiff's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BOWMAN and LAZARUS, JJ., concur.