OPINION
{¶ 1} Plaintiff-appellant, Rick Anderson ("appellant"), appeals from the judgment of the Ohio Court of Claims, which dismissed his complaint against defendant-appellee, Ohio University ("appellee"). For the following reasons, we affirm.
 {¶ 2} On February 28, 2007, appellant filed a form complaint against appellee in the Court of Claims. Attached to the form was a document containing a summary and description of appellant's claims and his desired resolution. Through this complaint, *Page 2 
appellant alleged that, in 1998, he enrolled in an "Alternative Retirement Program" ("ARP") not part of the Public Employees Retirement System ("PERS") and that human resources personnel at appellee failed to inform him "of future differences in treatment of ARP Participants." He also alleged that appellee offered an early retirement plan in 2006, but he "did not receive all the incentives offered" as part of that plan. Specifically, other 2006 early retirees were offered a $10,000 bonus and a one-year service credit buyout. Appellant alleged that he received the $10,000 bonus, but not the buyout. If he had known that he would be treated differently, he alleged, he would not have chosen an alternative retirement program in 1998.
 {¶ 3} On April 5, 2007, appellee moved to dismiss appellant's complaint pursuant to Civ. R. 12(B)(6). Appellee argued that dismissal was appropriate because (1) appellant was not eligible for, nor could appellee offer appellant, a service credit buyout in 2006, and (2) appellant's claim that appellee misinformed him in 1998 was barred by the applicable two-year statute of limitations.
 {¶ 4} On July 18, 2007, a magistrate of the trial court issued a decision denying appellee's motion. The magistrate concluded that appellant's claims accrued in 2006 and, therefore, were not time-barred. Appellee filed objections to the magistrate's decision, again asserting that Ohio law precluded an award of service credit to appellant.
 {¶ 5} On January 29, 2008, the trial court granted appellee's motion to dismiss. The court concluded that appellant had not stated a claim on which relief could be granted because (1) the court found no basis for imposing a duty upon appellee to specifically inform employees of all potential ramifications of a retirement election, and *Page 3 
(2) Ohio law precluded appellee from offering, and appellant from receiving, service credits.
 {¶ 6} Appellant filed a timely notice of appeal to this court. Appellant raises four assignments of error, all of which argue that appellee's human resources staff advised him improperly about taking early retirement in 2006; if they had advised him properly, he would not have taken early retirement; and because appellee's staff advised him to take early retirement, appellee should pay him the cash equivalent of a one-year service credit.
 {¶ 7} A motion to dismiss for failure to state a claim is procedural and tests whether the complaint is sufficient. State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548,1992-Ohio-73. In considering a Civ. R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. State ex rel. Fuqua v. Alexander (1997), 79 Ohio St.3d 206,207, 1997-Ohio-169. Rather, the trial court may only review the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. Moreover, the court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. We review de novo a judgment on a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.
PGPage 4
 {¶ 8} Applying this standard of review here, we will assume that appellee's staff did not advise appellant of every possible consequence that might arise from his alternative retirement election in 1998, that appellee's staff did advise appellant to take early retirement in 2006, and that appellant relied on this advice, to his detriment. Even so, however, we agree with the trial court's conclusion that appellant has failed to state a claim upon which relief may be granted.
 {¶ 9} First, assuming that appellant's claims about his 1998 election survive the applicable statute of limitations, we agree with the trial court's assessment that appellee's staff were under no duty to advise appellant of every possible future consequence arising from his actions. Appellant's complaint states that he consulted with staff about the available options. His complaint also includes the comprehensive brochure he was given in 1998, and that brochure clearly states: "This decision will affect your retirement income and cannot be changed while you are employed at the University." We can conceive of no duty that would require appellee's staff to also advise appellant in 1998 that he would not be eligible for benefits offered as part of an early retirement package that did not yet exist. To the extent appellant relies on this argument for reversing the trial court's dismissal, we reject it.
 {¶ 10} As for the advice appellant received in 2006, we will assume that appellee's staff advised appellant to retire by accepting the $10,000 cash bonus and that he relied on this advice to his detriment. In essence, appellant has attempted to raise a claim for promissory or equitable estoppel, a claim this court has repeatedly rejected under similar circumstances. *Page 5 
 {¶ 11} As a general rule, estoppel does not apply against the state or its agencies. Sun Refining Marketing Co. v. Brennan (1987),31 Ohio St.3d 306, 307. The reason for this general rule is that "[a] properly functioning government cannot tolerate individual state actors binding the state to actions that exceed or contravene its authority." OhioAssn. of Public School Employees v. School Employees Retirement Sys.Bd., Franklin App. No. 04AP-136, 2004-Ohio-7101, ¶ 49. This court has consistently applied this general rule and refused to apply promissory estoppel to contravene statutory authority. Id. See, also, Drake v. Med.College of Ohio (1997), 120 Ohio App.3d 493, 496 ("Any representations made by the President or Senior Vice President would be contrary to express statutory law and, thus, promissory estoppel does not apply. * * * Mistaken advice or opinions of a governmental agent do not give rise to a claim based on promissory estoppel"); State ex rel. Swartzlander v.State Teachers Retirement Bd. (1996), 117 Ohio App.3d 131, 136
(rejecting plaintiff's equitable estoppel argument where plaintiff alleged that retirement system personnel deceived him); and State exrel. Shumway v. State Teachers Retirement Bd. (1996),114 Ohio App.3d 280, 289 (rejecting plaintiff's equitable estoppel argument where plaintiff relied, to his detriment, on advice and benefit projections from retirement system counselor).
 {¶ 12} Applying these principles here, no matter what advice appellant received from appellee's human resources staff, appellant cannot force appellee to offer appellant the benefits of the early retirement incentive package it offered to its PERS employees. R.C. 145.297(C) provides that only employees who are members of PERS are eligible to participate in a retirement incentive plan. R.C. 3305.07(A) also states that *Page 6 
"[n]o retirement, death, or other benefits shall be payable by the state or by any public institution of higher education under any alternative retirement plan elected pursuant to this chapter." As the trial court found, "[h]aving made his election to opt out of PERS, [appellant] is barred from receiving any of the benefits accruing to its members and [appellee] is barred from offering any such benefits to [appellant]."
 {¶ 13} For all these reasons, we overrule appellant's assignments of error. We affirm the dismissal of appellant's complaint by the Ohio Court of Claims.
Judgment affirmed.
 PETREE and SADLER, JJ., concur. *Page 1