[Cite as *Haas v. Univ. of Toledo Med. Ctr.*, 2013-Ohio-3636.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KELLY HAAS

      Plaintiff

      v.

UNIVERSITY OF TOLEDO MEDICAL CENTER

      Defendant

Case No. 2010-11005

Judge Patrick M. McGrath
Magistrate Anderson M. Renick

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On February 13, 2013, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On March 4, 2013, plaintiff filed a response. On March 12, 2013, defendant filed a reply and a motion for leave to file the same. Defendant's motion for leave is GRANTED and the motion for summary judgment is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also*

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} Plaintiff's claims arise from an incident in which Michael A. Rees, M.D., a surgeon, struck plaintiff, a surgical technician, with his foot during a surgery at the defendant hospital on June 6, 2009. Following an evidentiary hearing, the court determined that "Dr. Rees intentionally kicked plaintiff to gratify personal feelings of animosity or resentment arising out of plaintiff taking her scheduled break." Accordingly, the court found that Dr. Rees acted outside the scope of his employment and that he was therefore not entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86.

{¶ 5} Defendant contends that defendant is immune from liability and that plaintiff's claims are compensable only through workers' compensation pursuant to R.C. 4123.74, which provides, in pertinent part: "Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment * * *."

{¶ 6} R.C. 4123.01 provides, in pertinent part:

{¶ 7} "(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

{¶ 8} "(1) Psychiatric conditions except where the claimant's psychiatric conditions have arisen from an injury or occupational disease."

{¶ 9} Defendant argues that both plaintiff's physical and emotional injuries arise out of the assault, thereby barring this action pursuant to R.C. 4123.74. Plaintiff contends that, in addition to her physical injuries, she suffered psychological injuries as a result of defendant's actions after the assault by Dr. Rees. Specifically, plaintiff alleges that, after the incident, she began to feel unsafe at work. Plaintiff argues that

psychological injuries, such as those suffered as a result of being subjected to sexual harassment, are not within the definition of injury in R.C. 4123.01, citing *Kerans v. Porter Paint Co.*, 61 Ohio St.3d 486 (1991). In *Kerans*, the Supreme Court of Ohio held that an employee who suffers a purely psychological injury in the course of her employment may pursue a statutory or common law remedy based upon the concern that employees with purely psychological injuries would end up with minimal provable economic damages if such claims were pursued through the workers' compensation program. *Id.* at 489.

{¶ 10} However, the Tenth District Court of Appeals distinguished claims involving purely psychological injuries, such as in *Kerans*, with those that were related to a physical injury. *Harrison v. Franklin Co. Sheriff's Dept.*, 10th Dist. No. 00AP-240 (Dec. 12, 2000). The court of appeals noted that the psychological injures in *Kerans* "were not connected to a physical injury and therefore there was no possible relief available under the workers' compensation statutes even though the origin of psychological claims were acts that occurred in the course of employment." *Id.*

{¶ 11} The plaintiff in *Harrison* was a deputy sheriff who was attacked and overpowered by a prisoner, who then escaped. The plaintiff in *Harrison* claimed she suffered physical and psychological injuries, including "distinct psychological injury due to the fact that her gun, taken in the attack, was used to kill [another victim] later that day." *Id.* The court of appeals found that although Harrison's psychological injuries manifested after the attack, her injuries "were all a direct consequence of the attack on her," and consequently, her injuries were compensable through the workers' compensation program. *Id.* The court further noted that "[p]sychological injuries often arise later; yet, if related to the work-connected injury, they are compensable. To hold otherwise would mean that, in many instances, there would be no recovery under workers' compensation, and no alternate source of recovery." *Id.*

{¶ 12} Although plaintiff states in her affidavit that she was advised by agents of defendant's "billing department" that she was ineligible for workers' compensation

benefits, plaintiff's deposition testimony is inconsistent with that assertion. Plaintiff testified in her deposition that both her insurance company and a union representative mentioned the need to file a workers' compensation claim. Furthermore, "it is well settled that, as a general rule, equitable estoppel is not applied against a state or its agencies in the exercise of a governmental function." *Melick v. Admin. Servs.*, 10th Dist. No. 04AP-821, 2005-Ohio-1850, ¶ 31, quoting *State ex rel. Shumway v. State Teachers Retirement Bd.*, 114 Ohio App.3d 280, 289 (1996).

{¶ **13**} In this case, the evidence shows that both plaintiff's physical and psychological injuries were a direct consequence of the assault by Dr. Rees. Therefore, construing the facts most strongly in plaintiff's favor, the court finds that there is no genuine issue as to any material fact and that defendant is entitled to summary judgment as a matter of law.

{¶ **14**} Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Anne B. Strait
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Scott D. Perlmuter
William J. Novak
Tower City Center
Skylight Office Tower
1660 West Second Street, Suite 950
Cleveland, Ohio 44113-1498

004
Filed April 12, 2013
To S.C. Reporter August 22, 2013