LUPER SCHUSTER, J., dissenting.
{¶ 26} I disagree with the majority and would find the decision of the ODE to be final and not subject to an appeal filed under R.C. 119.12. Therefore, I respectfully dissent. As the majority notes, this court has previously construed the legislature's use of the word "final" in the context of decisions of administrative bodies to mean the decision is not subject to an appeal under R.C. 119.12. Carney v. School Emp. Retirement Sys. Bd. , 39 Ohio App.3d 71, 72, 528 N.E.2d 1322 (10th Dist.1987) ; State ex rel. Shumway v. State Teachers Retirement Bd. , 114 Ohio App.3d 280, 286, 683 N.E.2d 70 (10th Dist.1996) ; Heartland Jockey Club v. Ohio State Racing Comm. , 10th Dist. No. 98AP-1465, 1999 WL 566857 (Aug. 3, 1999). I would find this precedent and the Supreme Court of Ohio's decision in Brookwood Presbyterian Church v. Ohio Dept. of Edn. , 127 Ohio St.3d 469, 2010-Ohio-5710, 940 N.E.2d 1256, to be controlling.
{¶ 27} In Brookwood , the Supreme Court considered a statute that provided that ODE's decision as to whether an entity was education-oriented was "final." The Supreme Court noted that the same statute also expressly provided a right to appeal under R.C. 119.12. Under those circumstances, the Supreme Court concluded that the use of the word "final" in that statute did not preclude an appeal under R.C. 119.12 where further language, within the same statute, specifically contemplated an appeal. In so deciding, the Supreme Court reviewed our precedent in Carney , Shumway , and Heartland Jockey Club and concluded the statutes in those cases "lacked what is present in [the statute at issue in Brookwood ]-a specific, statutory grant of jurisdiction to the trial court to review the decisions of the administrative body pursuant to R.C. 119.12. Here, that makes all the difference." Brookwood at ¶ 15.
{¶ 28} Unlike the statute at issue in Brookwood , here R.C. 3314.08(K) specifies that the decision is "final" and does not provide a specific grant of statutory jurisdiction to the trial court to review the decision of the administrative body. Thus, I would conclude that Brookwood directs that a statute that provides a decision of an administrative body is "final" and that does not include a separate specific, statutory grant of jurisdiction to the trial court precludes an appeal under R.C. 119.12. Accordingly, I would follow the Supreme Court's precedent in Brookwood and this court's precedent in Carney , Shumway , and Heartland Jockey Club and find the use of the word "final" in R.C. 3314.08(K) precludes an appeal under R.C. 119.12.
{¶ 29} For these reasons, I respectfully dissent.