COLLEY, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION et al., Appellees.

[Cite as *Colley v. Ohio Dept. of Rehab. & Corr.*, 150 Ohio App.3d 483, 2002-Ohio-6751.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–357.

Decided Dec. 10, 2002.

---

Sol Zyndorf, for appellant.

Betty D. Montgomery, Attorney General, and Peggy W. Corn, Assistant Attorney General, for appellee Ohio Department of Rehabilitation and Correction.

DESHLER, Judge.

{¶ 1}  Plaintiff-appellant, Philip Colley, appeals from a judgment of the Ohio Court of Claims determining that he is not entitled to an award of litigation expenses pursuant to R.C. 109.364.

{¶ 2}  In January 1995, plaintiff was employed as a correctional officer at the Allen Correction Institution by defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").  Plaintiff held the rank of captain and was the second-shift commander in charge of the facility.  While making his rounds through the institution on the evening of January 27, 1995, plaintiff witnessed three correction officers bringing inmate Eduardo Torres into the segregation unit.  After the correction officers took Torres into a room to change clothes, plaintiff saw Torres punch one of the officers in the face.  Plaintiff then assisted the three officers in restraining Torres.  Once Torres had been restrained, plaintiff and the three other correction officers took Torres to a cell where he was shackled to the bed.  According to the testimony of Torres and one of the correction officers present, after Torres had been fully restrained, plaintiff struck him in the face with his open hand.

{¶ 3}  Based on plaintiff's alleged act of striking him after he had been fully restrained, Torres brought an action in federal court against plaintiff under Section 1983, Title 42, U.S.Code, alleging that plaintiff's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.  Upon being served with Torres's complaint, plaintiff submitted a written request for representation to the Ohio Attorney General.  Following an investigation, which did not include an interview or meeting with plaintiff, the attorney general determined that pursuant to R.C. 109.362, plaintiff was not entitled to be represented by the Attorney General because he had acted with "malicious purpose" in striking Torres.  Accordingly, in a letter dated December 23, 1996, the Attorney General denied plaintiff's request for representation.  Plaintiff subsequently hired private counsel to defend him against Torres's Section 1983 action.  Following a trial, the jury returned a general verdict for plaintiff and against Torres.

{¶ 4}  Having successfully defended himself against Torres's action, plaintiff filed the instant action in the Ohio Court of Claims pursuant to R.C. 109.364 seeking to recover the attorney fees and expenses he incurred in providing his own defense to Torres's claim.  Following a trial and the submission of briefs, the Court of Claims issued a decision and judgment entry on February 27, 2002, in which it denied plaintiff's claim on the grounds that plaintiff had failed to show that the Attorney General abused her discretion in determining that plaintiff had acted maliciously and was therefore not entitled to representation.  Plaintiff appeals therefrom assigning the following error:

{¶ 5}  "The trial court erred when it held that the standard to be applied in determining whether an employee should be reimbursed under Ohio Rev.Code Ann. § 109.364 for legal fees incurred as a prevailing defendant whom the Attorney General refused to represent under Ohio Rev.Code Ann. § 109.361, was

whether the Assistant Attorney General who conducted the Ohio Rev.Code Ann. § 109.362(A) investigation made a good-faith professional judgment, when it afforded deference to that determination, and when it thereby refused to award attorney fees to Appellant."

{¶ 6} In trying appellant's claim for litigation expenses before the Court of Claims, both ODRC and appellant focused on the issue of whether appellant had acted maliciously. Specifically, ODRC sought to establish that appellant had struck inmate Torres after Torres was fully restrained, in violation of ODRC rules, and that in doing so he acted maliciously. In contrast, appellant sought to establish that he had not hit Torres after Torres had been fully restrained and that the correction officer who testified to the contrary was motivated by personal animosity resulting from his having been recently disciplined by appellant. However, in reaching its decision on appellant's claim for compensation, the Court of Claims expressly declined to determine whether appellant had acted maliciously, concluding that its role was limited to determining whether the Attorney General abused her discretion in reaching her initial determination that appellant was not entitled to representation. Appellant's assignment of error asks this court to hold that the Court of Claims erred in applying an abuse-of-discretion standard to its determination of whether he is entitled to recover his litigation expenses under R.C. 109.364 and that he is entitled to recover his litigation expenses as a matter of law given that he prevailed in the action for which he requested representation.

{¶ 7} The statutory scheme that gives rise to appellant's claim to recover his litigation expenses provides:

{¶ 8} "[R.C.] 109.361 Representation of Officer or Employee

{¶ 9} "Upon the receipt of a written request by any officer or employee, the attorney general, except as provided in section 109.362 of the Revised Code, * * * shall represent and defend the officer or employee in any civil action instituted against the officer or employee. All expenses and court costs, including the reasonable compensation of special counsel, incurred by the attorney general in the defense of an officer or employee shall be paid by the employer that employed the officer or employee at the time the alleged act or omission occurred."

{¶ 10} "[R.C.] 109.362 Denial of Request

{¶ 11} "(A) Prior to undertaking any defense under section 109.361 of the Revised Code, the attorney general shall conduct an investigation of the facts to determine whether the requirements of this section have been met. If the attorney general determines that any officer who holds an elective state office was acting manifestly outside the scope of his official responsibilities or that any

other officer or employee was acting manifestly outside the scope of his employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner, the attorney general shall not represent and defend the officer or employee. An initial determination to represent and defend the officer or employee does not prohibit a later determination that the requirements of this section have not been met."

{¶ 12} "[R.C.] 109.364 Remedy in Court of Claims

{¶ 13} "If the attorney general denies representation to an officer or employee who made a request for representation under section 109.361 of the Revised Code, the officer or employee may, upon the termination of the action for which he requested the representation, commence an action in the court of claims against the employer pursuant to sections 2743.01 to 2743.20 of the Revised Code for the reasonable expenses incurred in providing his own defense.

{¶ 14} "An action brought pursuant to this section shall be commenced no later than two years after the cause of action arising under this section accrues. A cause of action arising under this section accrues upon the conclusion of the civil action instituted against the officer or employee for which the attorney general denied the officer's or employee's request for representation if the time for filing an appeal in the action lapses without the filing of an appeal or upon the conclusion of the final appeal in the civil action instituted against the officer or employee for which the attorney general denied the officer's or employee's request for representation if an appeal is filed in the action.

{¶ 15} "If the court of claims finds that the officer or employee was entitled to have the attorney general represent and defend him under section 109.361 of the Revised Code, the court shall enter judgment against the employer in favor of the officer or employee in the amount of the reasonable expenses incurred by the officer or employee in providing his own defense and in bringing the action authorized by this section. The reasonable expenses may include, but are not limited to, payment of court costs, attorney's fees, investigative costs, and expert witness fees."

{¶ 16} Although the issue of how a claim to recover litigation expenses under R.C. 109.364 is to be determined is one of first impression, it is easily resolved given the language of R.C. 109.364. Most notably, R.C. 109.364 provides that the Court of Claims shall award an officer or employee his reasonable litigation expenses *"[i]f the court of claims finds* that the officer or employee was entitled to have the attorney general represent and defend him under section 109.361 of the Revised Code." (Emphasis added.) This language evidences a clear intent that the Court of Claims make an independent finding on the issue of whether an officer or employee was entitled to be represented by the Attorney General under R.C. 109.361. Further support for reading R.C. 109.364 to require an indepen-

dent determination by the Court of Claims is found in the section's limitation on when an action may be commenced. Specifically, R.C. 109.364 provides that an officer or employee may not commence an action under the section until "the termination of the action for which he requested the representation." This limitation suggests that the General Assembly intended the outcome of the case for which the officer or employee sought representation to be considered by the Court of Claims in deciding a claim for litigation expenses. Consideration of the outcome of the underlying litigation is patently inconsistent with an abuse-of-discretion standard of review, as that standard would not permit the Court of Claims to consider matters that the Attorney General could not have considered in making her original determination. Based upon the plain language of R.C. 109.364, we conclude that the General Assembly intended for the Court of Claims to independently determine whether a claimant was entitled to representation by the Attorney General when deciding a claim for expenses under the section.

{¶ 17} We now turn to appellant's contention that the Court of Claims was required to award him his litigation expenses under R.C. 109.364 because he prevailed in the action for which he requested representation. While the language of R.C. 109.364 suggests that the outcome of the litigation for which an officer or employee requested representation is a factor to be considered by the Court of Claims in independently determining whether a claimant was entitled to be represented by the Attorney General, nothing in the section supports appellant's contention that the outcome of the underlying litigation is determinative of a claim under R.C. 109.364. In fact, holding that the outcome of the underlying litigation is determinative of R.C. 109.364 claims directly contradicts R.C. 109.364's instruction that the Court of Claims award an officer or employee his expenses only where it finds that the officer or employee was "entitled to have the attorney general represent and defend him under section 109.361 of the Revised Code." Holding as appellant urges would permit an officer or employee who prevailed in the action for which he requested representation to recover under R.C. 109.364 regardless of whether he was entitled to have the Attorney General represent him under R.C. 109.361.

{¶ 18} Finally, our conclusion that the Court of Claims should have independently determined whether appellant was entitled to representation under R.C. 109.361 would seem to require that this matter be remanded for such a determination. ODRC argues, however, that the Court of Claims opinion indicates that as an alternative to finding against appellant based upon deference to the Attorney General's original determination, the court did in fact independently determine that appellant acted maliciously in striking Torres. While there is no doubt that the Court of Claims opinion suggests how the court would independently determine the issue of appellant's entitlement to representation under

R.C. 109.364, the opinion also plainly states that the court was making no such finding. Accordingly, this matter must be remanded for such a determination.

{¶ 19} Appellant's assignment of error is sustained to the extent indicated, the judgment of the Ohio Court of Claims is reversed, and this matter is remanded for further consideration consistent with this decision.

Judgment reversed
and cause remanded.

PETREE and LAZARUS, JJ., concur.