OPINION
{¶ 1} Plaintiff-appellant, William Sopko, Sr., appeals from a judgment of the Court of Claims of Ohio granting the motion of defendant-appellee, the Ohio Bureau of Workers' Compensation ("BWC"), for summary judgment. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On September 27, 2007, appellant filed a complaint against the BWC. Relying on R.C. 109.364, appellant sought to recover attorney's fees he incurred in retaining his own legal representation after he was subpoenaed to testify as Chairman of *Page 2 
the BWC's Oversight Commission before a federal grand jury in connection with a United States Department of Justice and Ohio State Highway Patrol ("OSHP") investigation into an alleged bribery scheme involving officials at the BWC. The BWC filed an answer to the complaint in October 2007, and a motion for summary judgment in December 2007. Appellant filed a memorandum in opposition to the motion for summary judgment in January 2008. An oral hearing was held on the matter in February 2008. On March 17, 2008, the Court of Claims issued its decision granting the BWC's motion for summary judgment. The Court of Claims reasoned that because R.C. 109.361 requires a state officer or employee to submit a prior written request to the Ohio Attorney General in order to receive representation in any civil action, and because appellant did not make such a request, appellant is not entitled to recover the amount of attorney's fees incurred in retaining private counsel.
 {¶ 3} In this appeal from the judgment of the Court of Claims, appellant sets forth the following four assignments of error for our review:
 I. The Court of Claims Erred in Granting Summary Judgment for the BWC Because The Court of Claims Failed to Independently Determine Whether Mr. Sopko was Entitled to Representation and Reimbursement of His Legal Fees Pursuant to R.C. § 109.361.
 II. The Court of Claims Erred in Granting Summary Judgment for the BWC Where the Uncontradicted Affidavits Submitted by Mr. Sopko Establish that the Administrative Officers of the BWC Advised Mr. Sopko to Hire Counsel and Advised that Mr. Sopko Would Be Reimbursed for His Legal Fees.
 III. The Court of Claims Erred in Granting Summary Judgment for the BWC Where the Uncontradicted Affidavits Submitted By Mr. Sopko Established That He Met the Prerequisites for Reimbursement of Legal Fees Pursuant to R.C. § 109.361 and That the Attorney General Had a Conflict of Interest As *Page 3 
Counsel for the Investigating Agency, the Ohio Highway Patrol, and, Therefore, Could Never Have Represented Mr. Sopko.
 IV. The Court of Claims Erred in Granting Summary Judgment for the BWC Because Representation and Reimbursement of a BWC Officer's Legal Fees In Connection with An Investigation By the State Highway Patrol and Testifying Before a Federal Grand Jury is Not Precluded by Statute.
 {¶ 4} Each of appellant's assignments of error alleges that the trial court erred in granting summary judgment in favor of the BWC. Appellate review of a trial court's granting of summary judgment is de novo.Mitnaul v. Fairmount Presbyterian Church, 149 Ohio App.3d 769,2002-Ohio-5833, at ¶ 27. Pursuant to Civ. R. 56(C), summary judgment is appropriate only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reviewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. State ex rel. Grady v. State Emp. Relations Bd.,78 Ohio St.3d 181, 183. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 5} By his first assignment of error, appellant argues that the Court of Claims was required to independently determine whether he was entitled to reimbursement for expenses he incurred as a result of being subpoenaed in the investigation. In connection with this argument, appellant contends that the prerequisites for filing a suit pursuant to R.C. 109.364 were satisfied. *Page 4 
 {¶ 6} As noted by appellant, this court has stated that "R.C. 109.364
provides that the Court of Claims shall award an officer or employee his reasonable litigation expenses `[i]f the court of claims finds that the officer or employee was entitled to have the attorney general represent and defend him under section 109.361 of the Revised Code.'" (Emphasis omitted.) Colley v. Ohio Dept. of Rehab. Corr., 150 Ohio App.3d 483,487, quoting R.C. 109.364. This court found that "[t]his language evidences a clear intent that the Court of Claims make an independent finding on the issue of whether an officer or employee was entitled to be represented by the Attorney General under R.C. 109.361." Id. Upon reviewing the language of R.C. 109.364, this court concluded "that the General Assembly intended for the Court of Claims to independentlydetermine whether a claimant was entitled to representation by the Attorney General when deciding a claim for expenses under the section." (Emphasis added.) Id. at 487. But R.C. 109.364, which provides the basis for the independent review of the Court of Claims, is only implicated if the Attorney General denies representation to an officer or employee who made a request under R.C. 109.361. See R.C. 109.364 ("If the attorney general denies representation to an officer or employee who made a request for representation under section 109.361 of the Revised Code, the officer or employee may, upon the termination of the action for which he requested the representation, commence an action in the court of claims[.]").
 {¶ 7} The affidavit of appellant, filed in support of his memorandum in opposition to the BWC's motion for summary judgment, asserts that he expressed to BWC officials his belief that he needed representation in connection with the investigation and the subpoena, and that he was told to retain counsel and the BWC would reimburse his *Page 5 
expenses. Appellant averred that his counsel submitted a billing statement to both the BWC Administrator and the BWC Chief Legal Officer, who forwarded the request to the Attorney General. On September 21, 2007, appellant was notified that the Attorney General refused to reimburse him as requested. Appellant essentially alleges that the Attorney General denied his request for representation when he refused to reimburse appellant for the legal fees he owed to his counsel. We disagree.
 {¶ 8} R.C. 109.361 provides that "[u]pon the receipt of a written request by any officer or employee," and unless an exception applies, the Attorney General "shall represent and defend the officer or employee in any civil action instituted against the officer or employee." Appellant did not submit a request for representation under R.C. 109.361. No written request was submitted by appellant with the Attorney General before he retained his own counsel to represent him. Appellant retained his own counsel, and subsequently requested that the Attorney General pay his legal bill. The Attorney General's refusal to pay appellant's bill for services rendered by his counsel did not constitute a denial of a request for representation under R.C. 109.361 because appellant did not make a request under this statute.
 {¶ 9} Appellant argues under his second assignment of error that his request to the BWC in June 2006 "substantially complied" with the requirements of R.C. 109.361. Appellant asserts that he reasonably believed that the BWC would take care of the details in making sure that he would be reimbursed. In support of this assertion, appellant cites R.C. 109.363, and suggests that his request to the BWC was sufficient to constitute a written request to the Attorney General because the BWC was required to file a report to the Attorney General. R.C. 109.363 provides as follows: *Page 6 
 The employer of the defendant officer or employee shall provide the attorney general with a written report indicating the present or former position, job title, or classification of the officer or employee with the state and, citing pertinent facts, whether in its opinion the officer or employee meets the requirements of section 109.362 of the Revised Code. In addition, the employer shall provide any additional information that is requested by the attorney general.
 {¶ 10} Pursuant to R.C. 109.363, the employer of the "defendant officer or employee" must provide the Attorney General with a written report containing certain information, including the employer's opinion as to whether the officer or employee meets the requirements of R.C. 109.362. However, R.C. 109.363 does not impose a duty upon the employer of the officer or employee to submit a written request, on behalf of the officer or employee, for representation by the Attorney General. Additionally, there is no evidence that appellant directed the BWC to submit, on his behalf, a written request with the Attorney General for representation.
 {¶ 11} Appellant's third assignment of error alleges that the denial of appellant's request for reimbursement of legal fees frustrates the purpose of the statute because the Attorney General had a conflict of interest and appellant never would have been represented by the Attorney General. Appellant contends that because the Attorney General was representing the OSHP in the investigation, the Attorney General could not also represent appellant. Appellant reasons that, in view of these circumstances, "further requests by [him] to the Attorney General for representation would have been futile." (Appellant's merit brief, at 18.) Essentially, appellant argues that it was not necessary for him to submit a written request for representation to the Attorney General because the Attorney General would have been unable to represent him in view of the fact that the *Page 7 
Attorney General already was representing the OSHP in the investigation. Appellant also contends that nothing precluded him from making his request for reimbursement after the representation had already occurred.
 {¶ 12} Appellant assumes that if he had made a written request to the Attorney General, then the Attorney General would have denied the request on the basis that he already was representing the OSHP, and appellant somehow would be entitled to counsel of his choice, to be paid for by the BWC. Because no request was made under R.C. 109.361, the Attorney General was unable to make any determination as to whether it would have been a conflict of interest to represent both appellant and the OSHP. Furthermore, when a request is made under R.C. 109.361, the Attorney General must conduct an investigation to determine whether the requirements for representation are met. See R.C. 109.362. If the Attorney General determines that the officer or employee "was acting manifestly outside the scope of his employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner," then he cannot represent and defend the officer or employee. Id. Appellant suggests that the Attorney General could have investigated the matter when he received the bill for appellant's attorney's fees. This argument is contrary to R.C. 109.362, which specifically requires an investigation of the facts "[p]rior to undertaking any defense under section 109.361 of the Revised Code."
 {¶ 13} Even if the Attorney General determined that a conflict of interest existed, and the Attorney General further determined that appellant was entitled to representation, then special counsel could have been appointed pursuant to R.C. 109.07. See DeRolph v. State
(2001), 94 Ohio St.3d 40; see, also, R.C. 109.361 (stating that the "defense of *Page 8 
the officer or employee may be rendered by the attorney general, an assistant attorney general, or any special counsel appointed by the attorney general.") Under that scenario, if appellant was unsatisfied with the choice for special counsel, he would not have been precluded from retaining his own attorney at his own expense. See R.C. 109.361
(stating that "[s]ections 109.36 to 109.366 of the Revised Code do not deprive any officer or employee of the right to select counsel of his own choice or settle his case at his own expense at any time").
 {¶ 14} By his fourth assignment of error, appellant argues that representation and reimbursement of his legal fees was not precluded by statute in this case involving an investigation by the OSHP and appellant testifying before a federal grand jury concerning matters within the scope of appellant's office.
 {¶ 15} The basic premise of appellant's claim against the BWC is that he was entitled to representation under R.C. 109.361. Appellant's arguments in this appeal proceed under the assumption that an officer or employee need not be a defendant in a civil action for said officer or employee to be entitled to representation under R.C. 109.361. This assumption misconstrues the statutory scheme set forth in R.C. 109.36 to109.366.
 {¶ 16} Even if appellant had submitted a written request for representation, R.C. 109.361 would not apply to the circumstances found here. The representation of an officer or employee under R.C. 109.361 is limited to when the officer or employee is a defendant in a civil action. As noted above, R.C. 109.361 provides that "[u]pon the receipt of a written request by any officer or employee," and unless an exception applies, the Attorney General "shall represent and defend the officer or employee in any civil *Page 9 action instituted against the officer or employee." (Emphasis added.) Although appellant argues that no exception listed in R.C. 109.361
applies here, this argument does not address the primary issue of whether there was "any civil action instituted against the officer or employee." Without delving into an analysis of precisely what type of proceeding the investigation constituted, we note that it is undisputed that no action was instituted against appellant relating to the investigation of BWC officials. Appellant's retention of legal representation was incident to his testimony as the Chairman of BWC's Oversight Committee at the grand jury proceeding. Under these facts, R.C. 109.361 did not entitle appellant to representation by the Attorney General, or special counsel appointed by the Attorney General.
 {¶ 17} Lastly, we address a promissory estoppel argument that appellant has raised. In support of his argument that the trial court erred in granting summary judgment in favor of the BWC, appellant contends that affidavits that he submitted in the trial court established that officers of the BWC advised him to hire counsel and assured him that he would be reimbursed for the cost of the representation. Appellant alleges that he relied upon those representations and retained his own counsel in connection with getting subpoenaed to appear before a federal grand jury. Appellant further argues that it would be unfair to permit the BWC to take advantage of its misleading representations by not having to pay appellant's legal expenses associated with an investigation involving the BWC.
 {¶ 18} "Mistaken advice or opinions of a governmental agent do not give rise to a claim based on promissory estoppel." Drake v. Med.College of Ohio (1997), 120 Ohio App.3d 493, citing Halluer v.Emigh (1992), 81 Ohio App.3d 312; see Anderson v. Ohio *Page 10 Univ., Franklin App. No. 08AP-154, 2008-Ohio-4901 (noting that estoppel generally does not apply against the state or its agencies). Instead of submitting a written request with the Attorney General, pursuant to R.C. 109.361, appellant allegedly relied on statements of BWC administrators assuring him that he would be reimbursed for retaining his own counsel. Pursuant to R.C. 109.362, it is the Attorney General who, after receiving a written request and conducting the necessary investigation, makes the decision as to whether the officer or employee is entitled to representation. The decision is not made by BWC administrators. Therefore, appellant's promissory estoppel argument is unavailing.
 {¶ 19} For the foregoing reasons, we conclude that the trial court properly granted the BWC's motion for summary judgment. Accordingly, we overrule all four of appellant's assignments of error and hereby affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
McGRATH, P.J., and FRENCH, J., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1