KING, APPELLANT, *v.* K.R. WILSON COMPANY, APPELLEE.

[Cite as King *v.* K.R. Wilson Co. (1983), 8 Ohio St. 3d 9.]

(No. 83-259—Decided November 23, 1983.)

*Messrs. Connelly, Soutar & Jackson, Mr. William M. Connelly, Mr. James D. Caruso* and *Mr. Steven P. Collier,* for appellant.
*Messrs. Eastman & Smith* and *Mr. M. Donald Carmin,* for appellee.

*Per Curiam.* The issue herein is whether the grant of summary judgment in favor of the manufacturer was correct. We hold it was.

The trial court's basis for granting summary judgment in favor of the manufacturer was that the press had been substantially altered and that there was insufficient proof to hold K.R. Wilson liable for an averred design defect in the unaltered portion of the machine. In *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317 [4 O.O.3d 466], it was held in paragraph three of the syllabus that a change in the activation mechanism of a power punch press was a " 'substantial change.' " Accordingly, the manufacturer could not be held liable where it had no knowledge, let alone control, over the subsequent substantial change.

In the instant case both parties virtually concede that the replacement of the entire electrical system with an activation mechanism is a substantial change. After reviewing the testimony of appellee's witness, plant maintenance supervisor, Thomas Bell, the trial court stated "that reasonable minds could only conclude that the cause of the accident had to be connected in some way with the activation system of the power press. The Court is convinced that the only logical way for a machine to activate is through its system of wiring and controls making up the activation system."

Appellant made no attempt to rebut the deposition testimony of Bell. Appellant offered no depositions, no witnesses and no affidavits to support his own position. Civ. R. 56(E) states in pertinent part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is no genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." At the very least, appellant was obligated to go beyond the mere allegation of wrongdoing. He did not do so.

In *Cremeans* v. *International Harvester Co.* (1983), 6 Ohio St. 3d 232, this court held that "* * * a defendant will be subject to liability if the *plaintiff proves, by using relevant criteria,* that the product design is in a defective condition because the benefits of the challenged design do not outweigh the risks inherent in such design. (*Knitz* v. *Minster Machine Co.* [1982], 69 Ohio St. 2d 460 [23 O.O.3d 403], approved and followed.)" (Emphasis added.) In the instant case plaintiff has made no effort to prove his allegation of design defect by making a prima facie showing that the risks in the machine's design outweighed the benefits.

If we were to reverse the court of appeals based on the showing made by the plaintiff herein, we would truly have reached the scenario envisioned by Justice Holmes in his dissent in *Cremeans,* at page 238, where "* * * summary judgment for a defendant would never be possible since the plaintiff need only assert that a given product is defectively designed and that he was injured by it." This we decline to do.

There should be no doubt that resting on mere allegations against a motion for summary judgment and eschewing the mandate of Civ. R. 56(E) is insufficient. See, *e.g., Savransky* v. *Cleveland* (1983), 4 Ohio St. 3d 118; *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64 [8 O.O.3d 73]; *North* v. *Pennsylvania RR. Co.* (1967), 9 Ohio St. 2d 169 [38 O.O. 2d 410]; *Dome Laboratories* v. *Farrell* (Alaska 1979), 599 P.2d 152; *Livingston* v. *Begay* (1982), 98 N.M. 712, 652 P.2d 734; and *Seeborg* v. *General Motors Corp.* (1978), 284 Ore. 695, 588 P. 2d 1100.

With respect to the second issue presented by appellant, as to the manufacturer's averred negligence in failing to warn of the dangers of the trim press, we are compelled to follow paragraph four of the syllabus in *Temple* v. *Wean United, Inc., supra:*

"There is no duty to warn extending to the speculative anticipation of how manufactured components, not in and of themselves dangerous or defective, can become potentially dangerous dependent upon their integration into a unit designed and assembled by another."

Insofar as appellant has failed to go beyond allegations of defects or dangers we cannot place appellee manufacturer in the position of being strictly liable for the alterations of third and fourth parties to the original sale. This is particularly true where no prima facie case has been made beyond the bare allegation that appellee's machine was defectively designed.

For the reasons stated hereinabove, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and WISE, JJ., concur.

C. BROWN, J., dissents.

WISE, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.

CLIFFORD F. BROWN, J., dissenting. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317 [4 O.O.3d 466], paragraph three of the syllabus, cited in the majority opinion, as well as paragraph one of the syllabus[1] thereof, is inapplicable to the facts in this case. In *Temple* this court found that the change to the machine after it left the manufacturer was the sole proximate cause of the accident. The substantial change in *Temple* was the movement of two shoulder high activation buttons on a punch press to waist level which permitted scrap to fall on the activation buttons causing the machine to activate inadvertently. As a result the punch press closed on the arms of the operator.

On the contrary, in the case here, although plaintiff King suffered an injury similar to the plaintiff in *Temple,* defendant has been unable to point to this substantial change in the activation mechanism as the sole proximate cause of the accident. In the present case a design defect could exist in the unaltered portion of the machine. In *Temple,* it was not argued that the unaltered portion of the machine was defective, and the court also found that there was no original defect in the punch press.

The issues of design defect and proximate cause, in this case, were for jury determination. *Lonzrick* v. *Republic Steel Corp.* (1966), 6 Ohio St. 2d 227 [35 O.O.2d 404]. In short, the manufacturer of a machine that is subsequently altered remains strictly liable under Section 402(A) of the Restatement of the Law, Torts 2d, for injuries to a person caused by the defective design of the unaltered portion of the machine. For example, the absence of point of operation guards in the unaltered portion of the machine could be determined by the "reasonable minds" of a jury as a defective design under Section 402(A),

---

[1] *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317 [4 O.O.3d 466], paragraph three of the syllabus, states:

"Where at the time of manufacture and sale the dual activating buttons on a power press are located at shoulder height, and thereafter a purchaser of the press positions the buttons at waist height, facing upwards and 24 inches apart, there has been a 'substantial change' from the condition in which the power press was originally sold. The purchaser's employee cannot, therefore, successfully sue the manufacturer or the prior owner of the press on a theory of strict liability in tort for injuries suffered as a result of her accidental depression of the operating buttons."

Such alteration as described in the *Temple* case was not present in this action.

*supra,* and the *Temple* test. *Knitz* v. *Minster Machine Co.* (1982), 69 Ohio St. 2d 460, at 467 [23 O.O.3d 403].

Moreover, pertaining to the unaltered portion of the machine, it was a jury question whether under Comment j to Section 402(A), Restatement of the Law, Torts 2d, in order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or a warning as to its use. *Seley* v. *G. D. Searle & Co.* (1981), 67 Ohio St. 2d 192, 198-200 [21 O.O.3d 121]; *Phillips* v. *Kimwood Machine Co.* (1974), 269 Ore. 485, 496-497, 525 P. 2d 1033.

Lastly, if there is a material determinative issue, such as a design defect in an unaltered portion of a machine proximately causing injury to plaintiff, on which there is no evidence presented on a motion for summary judgment by the moving party, the defendant in this case, summary judgment cannot be granted to such moving party. *Rayburn* v. *J.C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463, 464. There is no duty upon the plaintiff to present evidence upon material issues to which defendant has presented no evidence in support of its motion for summary judgment. The judgment of the court of appeals should be reversed.