## The CINCINNATI INSURANCE COMPANY, Plaintiff,

v.

## AUTOMATIC BLANKET PLANT, et al., Defendants.

No. C2-87-495.

United States District Court, S.D. Ohio, E.D.

May 5, 1989.

Thomas A. Dillon, Columbus, Ohio, for plaintiff.

Bruce L. Ingram, Columbus, Ohio, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court on defendant, Automatic Blanket Plant's motion for summary judgment.

Plaintiff, Cincinnati Insurance Company (hereinafter Cincinnati) brought this action against defendants Automatic Blanket Plant (Automatic) and J.C. Penney Company on March 20, 1987. This case was originally filed in the Common Pleas Court of Franklin County, Ohio. Pursuant to defendant's petition and notice of removal filed April 21, 1987, this Court gained jurisdiction.

Plaintiff alleges that as a result of an electric blanket manufactured by Automatic and sold by J.C. Penney, a fire ensued to the residence of Richard and Peggy Armstrong. Plaintiff Cincinnati had an insurance contract with said Armstrong's and subsequently had to pay for the damages

resulting from the fire. Cincinnati is subrogated to the rights of their insured.

Specifically, Cincinnati avers that the defendants breached their express and implied warranties, by selling and distributing a negligently designed and manufactured automatic electric blanket, which was defective and unreasonably dangerous. Plaintiff seeks seventy thousand ($70,000) dollars in damages.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under Rule 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), citing *Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–480, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether he thinks a fair-minded jury could return a verdict for the plaintiff on the evidence presented". 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. 477 U.S. at 252, 106 S.Ct. at 2512.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e), therefore, requires that the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate *specific facts* showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). (Emphasis added). The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to the party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552. Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having addressed the Rule 56 standard of review, the Court now turns to the merits.

## LAW AND ANALYSIS

The history of strict products liability in Ohio has again been reviewed by the Ohio Supreme Court in *State Farm Fire and Casualty Co. v. Chrysler Corporation*, 37 Ohio St.3d 1, 523 N.E.2d 489 (1988). Prior to that decision, Ohio had adopted Section 204A of the Restatement of the Law 2d, Torts (1965), which ultimately established the consumer expectation test. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977). Applicable totally to both manufacturing and design defects, that standard allows for a product to be in a defective condition if it is more dangerous than an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner. *Leichtamer v. American Motors Corp.*, 67 Ohio St.2d 456, 424 N.E.2d 568 (1981). However, in *State Farm* (supra) Ohio's Supreme Court firmly established that in manufacturing defects cases, plaintiff's still had to show by a preponderance of the evidence, that the alleged defect was present when the product left the hands of the manufacturer

and the *proximate* cause of the claimed injuries. *State Farm*, 37 Ohio St.3d at 7, 523 N.E.2d 489. (Emphasis added). Further, the Court stated:

As in manufacturing defect cases, proof of liability in design defect cases still requires that the three elements of *Lonzrick* [*v. Republic Steel Corp.*, 6 Ohio St.2d 227, 218 N.E.2d 185 (1966)] be satisfied. Thus, first, under the consumer-expectation standard, evidence of unsafe, unexpected product performance is sufficient to infer the existence of a product defect. Next, absent substantial change in the condition in which the product was sold (e.g., *Temple v. Wean United, Inc., supra*, at paragraph one of the syllabus; *King v. K.R. Wilson Co.* [1983], 8 Ohio St.3d 9, 8 OBR 79, 455 N.E.2d 1282), it may also be inferred that the design defect was present when the product left the hands of the manufacturer. Finally, to fix liability for a design defect, it remains incumbent upon a plaintiff to establish the element of causation—to prove by a preponderance of the evidence that it was some aspect of the challenged design which rendered the product's performance less safe than the ordinary consumer would expect, resulting in injury. *Id.*

The Ohio Supreme Court went on to add:

It is apparent that the expectation of the ordinary consumer, while accorded formal respect, is not the only element necessary to establish liability for design defects.... The causation requirement that is made explicit today maintains the distinction between strict liability based on design defects and absolute liability based upon injury. *Id.* at 7–8.

Wherefore, the Court added to Ohio's test for strict liability and affirmed the trial courts directed verdict.

Turning to the facts herein, Cincinnati has failed to meet Ohio's newest standard. In their Memorandum Contra, Cincinnati refers to the affidavit of their expert, a Mr. Lawrence DuBois. It is Mr. DuBois' view that the fire was caused by a short in the blanket. Yet nowhere can he affirmly establish that other factors, except the ultimate short in the blanket, caused the fire that ensued. Mr. DuBois can establish that in his opinion a "short" caused the fire. He has not explained nor established that the manufacturer, nor seller were the cause, nor can he with any degree of certainty point to possible defects in either the design or manufacture. All that Mr. DuBois can point to is the obvious ... that a fire occurred and the blanket was the source. Therefore, this Court will hold like in the case of *Delk v. Holiday Inns, Inc.*, 545 F.Supp. 969, 972 (S.D.Ohio 1982), "There has been cited no authority that the manufacturing of a product in and of itself creates liability."

Following the standards set for in both *Anderson, Celotex*, as well as *State Farm* above, Cincinnati has failed to meets its burden to establish more than a scintilla of evidence to overcome defendant's summary judgment. Cincinnati has failed to show specific facts showing there is a genuine issue for trial. Cincinnati has failed to show an essential element to their case for which they will bear the ultimate burden at trial. Wherefore, upon consideration and being duly advised, the Court finds that the defendants motion for summary judgment is well taken and it is therefore GRANTED.

IT IS SO ORDERED.