[Cite as *Worthy v. Hawthorne*, 2021-Ohio-813.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| LINDA WORTHY, et al., | : | |
| | : | |
| Plaintiffs-Appellants, | : | Case No. 20CA5 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| KEVIN HAWTHORNE, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellee. | : | **RELEASED: 03/10/2021** |

_____
APPEARANCES:

W. Graham Woodyard, Gallipolis, Ohio, for Appellants.

Richard F. Bentley, Bentley Law Firm, LLC, Ironton, Ohio, for Appellee.
_____

Wilkin, J.

{¶1} This is an appeal from a Lawrence County Common Pleas Court judgment entry granting summary judgment in favor of Appellee, Kevin Hawthorne, and against Appellants, Linda and Kevin Worthy. On appeal, the Worthys raise two assignments of error for our review, contending 1) that the trial court erred in granting summary judgment to Hawthorne; and 2) that that the trial court erred in granting summary judgment based on the limited nature of Hawthorne's evidence. Because we find the arguments raised under the Worthys' first assignment of error are meritorious, their first assignment of error is sustained. Further, in light of our disposition of the Worthys' first assignment of error, their second assignment of error has been rendered moot and we need not address it. Accordingly, having sustained the Worthys' first assignment of error, we reverse the trial court's grant of summary judgment in favor of Hawthorne and we remand this matter to the trial court for further proceedings.

FACTS

{¶2} This matter began with the filing of a complaint for declaratory judgment by Linda and Kevin Worthy on April 25, 2018.  The complaint alleged that the Worthys are owners of real property that abuts real property owned by Hawthorne.  The complaint further alleged that there is a gravel driveway that leads to the Worthy parcel which crosses a small strip of land on the edge of Hawthorne's property.  The complaint alleged that the driveway had been continuously used since 1975 and that the Worthys, their tenants, or their predecessors in interest had never obtained permission from Hawthorne or his predecessors in interest.  Thus, the complaint further alleged that the Worthys owned an easement for ingress and egress and maintenance of the driveway by virtue of the fact that the driveway had been in continuous use, without Hawthorne's permission, since at least 1975.  The Worthys claimed the easement was based upon their actual, open, notorious, exclusive, hostile, and adverse use of the easement for more than twenty-one years preceding the commencement of the action.  The Worthys further sought to quiet title to the claimed easement against all claims by Hawthorne and his successors in interest, and they requested a judicial determination of their respective rights and duties, and a specific declaration that they were the owners of the easement.

{¶3} On the same day they filed their complaint for declaratory judgment, the Worthys filed a motion to enjoin interference with the claimed easement, citing their concomitant filing of a complaint for declaratory judgment and quiet title action.  The motion alleged that Hawthorne had erected fence posts on either side of the driveway, "which could be used to erect a gate, fence, or other barrier to the driveway."  The

Worthys claimed they had no other means of ingress or egress to their property, that they had no adequate remedy at law for their anticipated injuries as a result of Hawthorne's interference and/or obstruction of their easement, and thus they requested a temporary restraining order, a preliminary injunction, and a permanent injunction restraining and enjoining Hawthorne and his agents from interfering with or obstructing their easement.

{¶4} Attached to the motion was the affidavit of Kevin Worthy. In his affidavit, Worthy averred that his parcels of property had been owned without interruption by his family for more than twenty-one years and for the entirety of the time his family had owned the parcels a private drive had been openly and continuously used for ingress and egress. He further averred that the private drive crosses a portion of Hawthorne's property. Additionally, he averred that no owner of the parcel in which the driveway crosses had ever given Kevin Worthy, his wife, his wife's parents, or anyone else using the driveway permission or license to cross the property. The Worthys' motion was granted and the trial court issued a temporary restraining order on May 4, 2018.

{¶5} Hawthorne filed his answer on May 23, 2018, denying the allegations and asserting several affirmative defenses, including failure to state a claim, estoppel, laches, untimely filing and waiver. The matter thereafter proceeded through discovery, with reciprocal requests for admissions, production of documents and interrogatories. Although the parties each filed notices of submission indicating their compliance with discovery, the actual discovery responses were not filed or made part of the record.

{¶6} Hawthorne subsequently filed a motion for summary judgment on July 19, 2019, claiming there was no genuine issue of material fact and that he was entitled to

judgment as a matter of law.  In support of his motion, he attached his own affidavit, as well as the affidavits of Lawrence Skeens and Larry Sheline.  In his affidavit, Hawthorne averred that he purchased his real property on March 30, 2002, and that he walked the property prior to his purchase and he observed no physical evidence of use of the road easement claimed by the Worthys at that time.  He further averred that the houses on the Worthys property appeared "abandoned and overgrown" and that the area now claimed as a road easement is "grown over with weeds, brush and small trees, 6-7' tall." He averred that the area would not have been passable with a vehicle at that time and that it remained overgrown until 2004 when the Worthys' tenant, Larry Sheline, started clearing the area.  Hawthorne averred that he "installed a gate over the roadway and gave Sheline permission to use with the understanding there was no easement and that a new road not over my real estate would be put in."  However, the affidavit stated that Sheline ceased use after six months, but then returned six months later and resumed use with Hawthorne's permission.  Finally, Hawthorne averred that "[i]n 2016, the [Worthys] started use of this road through Purchasers Pinkerman & McKinley[,]" and that he granted them use of the road at that time with the understanding they would put in a new road when they completed their purchase.  Hawthorne attached a copy of the deed to his real property to the affidavit and referenced the deed in his affidavit.

{¶7} Lawrence Skeens is Hawthorne's predecessor in title and his affidavit averred that he purchased the property at issue on May 7, 1988 and sold it to Hawthorne on May 30, 2002.  He averred that during the time he owned the property he "was at or on the property on a regular basis, almost daily[,]" and that during that time "the area now claimed by [the Worthys] as an easement was not used or traveled."  He

further averred that the area at issue was "overgrown" and the houses on the Worthys' property "were abandoned and not used by this time."

{¶8} As indicated above, Larry Sheline, was a tenant of the Worthy property. His affidavit averred that he was a tenant starting in approximately 2004 and that he "observed the property for 5 prior years and saw no use of the area [the Worthys] claim as a road." He averred that at the time he started clearing the area now claimed by the Worthys to be a road, the area had not been used in "probably 20 years" and that he had to clear the area of overgrowth. Finally, he averred that Hawthorne granted him permission to use the area at issue as a road, but only after informing him that "there was no easement granted * * *." He further averred that he and Hawthorne agreed to put a gate up, and that he was on the property until 2017.

{¶9} The Worthys did not file a responsive memorandum to Hawthorne's motion for summary judgment. A hearing was held on the motion on December 30, 2019. At the hearing, Hawthorne's counsel argued that the motion for summary judgment should be granted, in part, because the Worthys did not oppose the motion and had not met their burden of establishing a genuine issue of material fact. The Worthys' counsel argued that Kevin Worthy's prior affidavit, which was filed in support of his motion for an injunction, sufficiently alleged every element of a prescriptive easement and that the affidavits filed by Hawthorne in support of his motion for summary judgment, in effect, created a genuine issue of material fact when compared to the prior affidavit of Kevin Worthy. The trial court reviewed all of the affidavits, considered the arguments of counsel, and stated on the record that the competing and contradictory affidavits of Kevin Worthy and Kevin Hawthorne created a genuine issue of material fact. However,

the court referenced Hawthorne's filing of two additional affidavits by disinterested parties. The trial court concluded the hearing but granted the parties time to file supplemental briefs on the issue of whether Kevin Worthy's prior-filed, personal affidavit was sufficient to overcome the declarations set forth in the affidavits of Skeens and Sheline.

{¶10} Counsel for both parties filed supplemental briefs and the trial court ultimately granted summary judgment in favor of Hawthorne. In reaching its decision, the trial court characterized Kevin Worthy's affidavit as a "self-serving affidavit" and stated that the Worthys' reliance on the allegations in their pleadings and the sole self-serving affidavit was not enough to create a genuine issue of material fact, or to overcome Hawthorne's motion for summary judgment. The trial court also stated, in reaching its decision, that "the defendant filed affidavits of uninterested parties in support of his Civ.R. 56 motion and the plaintiffs filed nothing." The trial court issued its final order on February 28, 2020. The Worthys thereafter filed their timely appeal, setting forth two assignments of error for our review.

## ASSIGNMENTS OF ERROR

I.      "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT      TO APPELLEE KEVIN HAWTHORNE."

II.     "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BASED ON THE LIMITED NATURE OF APPELLEE'S EVIDENCE."

## ASSIGNMENT OF ERROR I

{¶11} In their first assignment of error, the Worthys contend that the trial court erred in granting summary judgment in favor of Hawthorne. The Worthys claim the following issue must be considered under this assignment of error: "Did the affidavit of

Appellant Kevin Worthy establish a genuine issue of material fact such that the trial

court should have denied Appellee's motion for summary judgment?" Hawthorne

responds by arguing that the trial court correctly granted summary judgment in his favor,

claiming there were no genuine issues of material fact precluding summary judgment on

the question of whether the Worthys had obtained a prescriptive easement across a

portion of his property. We begin by setting forth the applicable standard of review for a

grant or denial of summary judgment.

### Standard of Review

{¶12} "Generally, appellate courts conduct a de novo review of trial court

summary judgment decisions." *Greene v. Partridge*, 2016-Ohio-8475, 78 N.E.3d 197, ¶

13, citing *See Snyder v. Ohio Dept. of Nat. Resources*, 140 Ohio St.3d 322, 2014-Ohio-

3942, 18 N.E.3d 416, ¶ 2; *Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, 971

N.E.2d 862, ¶ 6; *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241

(1996). Accordingly, an appellate court must independently review the record to

determine if summary judgment is appropriate and need not defer to the trial court's

decision. *See Brown v. Scioto Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d

1153 (4th Dist.1993); *Morehead v. Conley*, 75 Ohio App.3d 409, 411-12, 599 N.E.2d

786 (4th Dist.1991). To determine whether a trial court properly granted a summary

judgment motion, an appellate court must review the Civ.R. 56 summary judgment

standard, as well as the applicable law. *See Snyder* at ¶ 2. Civ.R. 56(C) provides in

relevant part:

> * * * Summary judgment shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, written admissions, affidavits,
> transcripts of evidence, and written stipulations of fact, if any, timely filed in
> the action, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * *

{¶13} Thus, trial courts may not grant summary judgment, pursuant to Civ.R. 56, unless the evidence demonstrates that: 1) no genuine issue of material fact remains to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) after viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. See Snyder at ¶ 20; Transtar Elec., Inc. v. A.E.M. Elec. Servs. Corp., 140 Ohio St.3d 193, 2014-Ohio-3095, 16 N.E.3d 645, ¶ 8; Smith v. McBride, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12; New Destiny Treatment Ctr., Inc. v. Wheeler, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; Vahila v. Hall, 77 Ohio St.3d 421, 429–30, 674 N.E.2d 1164 (1997).

{¶14} The Supreme Court of Ohio has stated, regarding Civ.R. 56, that the purpose of the rule is as follows:

"* * * to enable movement beyond allegations in pleadings and to analyze the evidence so as to ascertain whether an actual need for a trial exists. Because it is a procedural device to terminate litigation, summary judgment must be awarded with caution."

(Citation omitted.) Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau, 88 Ohio St.3d 292, 300, 725 N.E.2d 646 (2000). Thus, a court that is reviewing a summary judgment motion must construe all reasonable inferences that can be drawn from the evidentiary materials in a light most favorable to the nonmoving party. See Moore v.

*E.I. DuPont de Nemours Co.*, 4th Dist. Pickaway No. 15CA12, 2015-Ohio-5331, ¶ 20, citing *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485, 696 N.E.2d 1044 (1998), and *Turner v. Turner*, 67 Ohio St.3d 337, 341, 617 N.E.2d 1123 (1993). Moreover, a court must not "consider either 'the quantum' or the 'superior credibility' of evidence." *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 242, 659 N.E.2d 317 (1995), quoting *Hirschberg v. Albright*, 67 O.O.2d 219, 2019-220, 322 N.E.2d 682 (1st Dist.1974). "The purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist. * * * Thus, a court should not pass upon the credibility of witnesses or weigh the relative value of their testimony in rendering summary judgment." (Citation omitted.) *McGee.* at 242-43 (citation omitted.); *see also Koeth v. Time Savers, Inc.,* 11th Dist. Geauga No. 99-G-2211, 2000 WL 688826 (May 26, 2000) ("It is not the province of the trial court in a summary judgment exercise to either weigh the evidence before it, or to accept one party's interpretations of that evidence in toto.").

{¶15} Under Civ.R. 56, the moving party bears the initial burden to inform the trial court of the basis for the motion and to identify those portions of the record that demonstrate the absence of a material fact. *See Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138, 54 N.E.3d 1196, ¶ 26; *Vahila, supra*; *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). However, the moving party cannot discharge its initial burden with a conclusory assertion that the nonmoving party has no evidence to prove its case. *Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 147, 677 N.E.2d 308 (1997); *Dresher, supra.* Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C).

{¶16} "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment." *Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec., Inc.*, 110 Ohio App.3d 732, 742, 675 N.E.2d 65 (2nd Dist.1996). Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts to show that a genuine issue exists. Civ.R. 56(E); *Dresher, supra* at 289. More specifically, Civ.R. 56(E) states as follows:

> * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, *if appropriate*, shall be entered against the party. (Emphasis added).

{¶17} Thus, " '[m]ere speculation and unsupported conclusory assertions are not sufficient' " to meet the nonmovant's reciprocal burden to set forth specific facts to show that a genuine issue exists. *Bank of New York Mellon v. Bobo*, 2015-Ohio-4601, 50 N.E.3d 229 (4th Dist.), ¶ 13, quoting *Loveday v. Essential Heating Cooling & Refrig., Inc.*, 4th Dist. Gallia No. 08CA4, 2008-Ohio-4756, ¶ 9. Additionally, " 'resting on mere allegations against a motion for summary judgment * * * is insufficient' " to defeat a properly supported summary judgment motion. *Jackson v. Alert Fire & Safety Equip.,*

*Inc.*, 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1032 (1991), quoting *King v. K.R. Wilson Co.*, 8 Ohio St.3d 9, 10-11, 455 N.E.2d 1282 (1983).  Moreover, "conclusory affidavits that merely provide legal conclusions or unsupported factual assertions are not proper under Civ. R. 56(E)" and are insufficient to establish a genuine issue of material fact. (Citation omitted.)  *Moore v. Smith*, 4th Dist. Washington No. 07CA61, 2008-Ohio-7004, ¶ 15; *Wertz v. Cooper*, 4th Dist. Scioto No. 06CA3077, 2006-Ohio-6844, ¶ 13, quoting *Evans v. Jay Instrument & Specialty Co.*, 889 F.Supp. 302, 310 (S.D.Ohio 1995) (" 'bald self-serving and conclusory allegations are insufficient to withstand a motion for summary judgment' "); *accord Stetz v. Copley Fairlawn Sch. Dist.*, 2015-Ohio-4358, 46 N.E.3d 165, ¶ 17 (9th Dist.), quoting *Brannon v. Rinzler*, 77 Ohio App.3d 749, 756, 603 N.E.2d 1049 (2d Dist.1991) (" 'Statements contained in affidavits must be based on personal knowledge and cannot be legal conclusions.' "); *McCartney v. Oblates of St. Francis deSales*, 80 Ohio App.3d 345, 357–358, 609 N.E.2d 216 (6th Dist.1992) (stating that a trial court considering a summary judgment motion is not required to accept conclusory allegations that are devoid of any evidence to create an issue of material fact).

{¶18} A nonmoving party need not try its case when defending against a summary judgment motion; however, a nonmoving party must produce more than a scintilla of evidence to support its case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Carsey v. Alexander Cemetery, Inc.*, 4th Dist. Athens No. 00CA028, 2001 WL 315186.  Thus, the essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury

or whether it is so one-sided that one party must prevail as a matter of law." *Anderson* at 251-252.

**{¶19}** Additionally, when trial courts consider summary judgment motions, Civ.R. 56(C) specifies that the court may examine only "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, [that are] timely filed in the action." *Id.*; *see also Whitt v. Wolfinger*, 2015-Ohio-2726, 39 N.E.3d 809, ¶ 12 (4th Dist.); *Davis v. Eachus*, 4th Dist. Pike No. 04CA725, 2004-Ohio-5720, ¶ 36; *Wall v. Firelands Radiology, Inc.*, 106 Ohio App.3d 313, 334, 666 N.E.2d 235 (6th Dist.1995). " 'Documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court.' " *State ex rel. Shumway v. Ohio State Teachers Retirement Bd.*, 114 Ohio App.3d 280, 287, 683 N.E.2d 70 (1996), quoting *Mitchell v. Ross*, 14 Ohio App.3d 75, 470 N.E.2d 245 (8th Dist.1984). A party may; however, introduce evidentiary material that does not fall within one of the categories of evidence listed in Civ.R. 56(C) when that material is incorporated by reference in a properly framed affidavit. *See Thompson v. Hayes*, 10th Dist. Franklin No. 05AP-476, 2006-Ohio-6000, ¶ 103.

**{¶20}** According to Civ.R. 56(E), a properly framed affidavit is one that is: 1) "based on personal knowledge;" 2) "set[s] forth such facts as would be admissible in evidence;" and 3) "show[s] affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Additionally, if the affiant refers to documentary evidence, "[s]worn or certified copies of all papers or parts of papers * * * shall be attached to or served with the affidavit." Civ.R. 56(E). Furthermore, affidavits submitted

to support or to oppose a summary judgment motion must be based on personal

knowledge.  Civ.R. 56(E); *see also Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio

St.3d 314, 320, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 26, citing *State ex rel. Cassels v.*

*Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994).

> For obvious reasons, this is the same standard as applied to lay witness testimony in a court of law.  *Id.*; Evid.R. 602.  "Personal knowledge" is "[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." Black's Law Dictionary (7th Ed.Rev.1999) 875. *See also*, Weissenberger's Ohio Evidence (2002) 213, Section 602.1 ("The subject of a witness's testimony must have been perceived through one or more of the senses of the witness. * * * [A] witness is 'incompetent' to testify to any fact unless he or she possesses firsthand knowledge of that fact.").

*Bonacorsi* at ¶ 26.  " '[P]ersonal knowledge can be inferred from the nature of the facts

in the affidavit and the identity of the affiant.' "  *Salemi v. Cleveland Metroparks*, 145

Ohio St.3d 408, 2016-Ohio-1192, 49 N.E.3d 1296, ¶ 18, quoting *State ex rel. Lanham v.*

*DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 15, citing *State ex rel.*

*Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).

{¶21} Furthermore, "[i]f a party submits evidence that does not fall within Civ.R.

56(C)'s parameters, the opposing party may file a motion to strike the improperly-

submitted evidence."  *Whitt* at ¶ 13.  The failure to file a motion to strike or otherwise

object to evidence that fails to comply with Civ.R. 56(C) results in a forfeiture of the

issue on appeal.  *See State ex rel. Chuvalas v. Tompkins*, 83 Ohio St.3d 171, 699

N.E.2d 58 (1998).  " 'A trial court may consider evidence other than the evidence

specified in Civ.R. 56(C) where no objection has been raised.' " *Carr v. State*, 4th Dist.

Vinton No. 14CA697, 2015-Ohio-3895, ¶ 31, quoting *Cowen v. Lucas*, 4th Dist. Scioto

No. 96CA2456, 1997 WL 362013, *3 (June 30, 1997), and citing *Rice v. Lewis*, 4th Dist.

Scioto No. 13CA3551, 2013-Ohio-5890, ¶ 23 (holding that appellant's failure to object to improper summary judgment evidence waived any error that the trial court may have committed by considering the evidence); *accord Worthington v. Speedway*, 4th Dist. Scioto No. 04CA2938, 2004-Ohio-5077, fn. 1 (citations omitted) ("When the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate.").  In the case at bar, although Hawthorne argued Kevin Worthy's affidavit was self-serving, he did not file a motion to strike the affidavit.

### Prescriptive Easement

**{¶22}** " 'Prescription is the acquisition of an easement, over the property of another, through adverse use of that property.' "  *Dunn v. Ransom*, 4th Dist. Pike No. 10CA806, 2011-Ohio-4253, ¶ 76, quoting *Crawford v. Matthews*, 4th Dist. Scioto No. 97CA2555, 1998 WL 720734, *2 (Sept. 21, 1998).  As explained in Dunn:

> The required elements of a prescriptive easement are similar to those in the law of adverse possession. The person seeking the easement must demonstrate clear and convincing evidence of open, notorious, adverse, and continuous use of the easement for a 21-year period.

(Citation omitted.)  *Dunn* at ¶ 77.  "Prescriptive easements are not favored in law, because they deprive the legal property owner of rights without compensation." *Fitzpatrick v. Palmer*, 186 Ohio App.3d 80, 2009-Ohio-6008, 926 N.E.2d 651, ¶ 25 (4th Dist.).

**{¶23}** " 'Open' and 'notorious' use requires that the actual use be of a character that is capable of giving the legal owner notice."  *Id.* at ¶ 78, quoting *Crawford, supra*, at *3.  " 'Property is used "openly" when it is used "without attempted concealment," and it is used "notoriously" when its use is "known to some who might reasonably be expected

to communicate their knowledge to the owner if he maintained a reasonable degree of supervision over his premises." ' " *Dunn* at ¶ 78, quoting *Crawford* at *3, in turn quoting *Hindall v. Martinez,* 69 Ohio App.3d 580, 583, 591 N.E.2d 308 (3d Dist.1990). "Use of a claimed prescriptive easement is 'adverse' when it is without the permission of, or inconsistent with the rights of the true property owner." *Dunn* at ¶ 91. Continuous use is "use that is 'neither interrupted by acts of the owner nor abandoned by the adverse user' throughout the 21-year statute of limitations." *Dunn* at ¶ 99, quoting *Crawford* at *3. "The acts of the prescriptive claimant 'do not need to be daily or constant; rather, occasional use that will "fairly indicate an uninterrupted use" to the true owner will suffice.' " (Citation omitted.) *Dunn* at ¶ 99, quoting Curry & Durham, Ohio Real Property Law and Practice, Section 7.02[5], 7-13 (6th Ed.2006).

**{¶24}** To meet the 21-year requirement a claimant may tack time from when others owned the claimant's property onto the years the claimant personally owned it if the claimant proves that " ' "(a) persons in privity, (b) sequentially and continuously used the disputed property, (c) in the same or similar manner, (d) openly, (e) notoriously, (f) adversely to the title holder's interests, and (g) for at least twenty-one years." ' " *Queen v. Hanna,* 2012-Ohio-6291, 985 N.E.2d 929, ¶ 37 (4th Dist.), quoting *Stillman v. T.W. Grogan Co.,* 8th Dist. Cuyahoga No. 58579, 1991 WL 127265, *1 (June 27, 1991), in turn quoting *J.F. Gioia, Inc. v. Cardinal Am. Corp.,* 23 Ohio App.3d 33, 37, 491 N.E.2d 325 (8th Dist.1985).

Analysis

**{¶25}** The Worthys' complaint alleged that they owned real property adjacent to real property owned by Hawthorne, and that a gravel driveway leading to their property

which crossed a portion of the Hawthorne's property, had been "continuously in use since a time unknown prior to 1975[.]"  The complaint further alleged that permission had never been granted by Hawthorne, or any of his predecessors-in-title, to the Worthys, or any of their tenants or predecessors-in-title.  Thus, the complaint alleged the Worthys had acquired an easement for ingress and egress as well as maintenance based upon their "actual, open, notorious, exclusive, hostile, and adverse use of the easement for more than twenty-one years preceding the commencement of this action."

{¶26} Further, as set forth above, Kevin Worthy filed an affidavit in support of his request for an injunction.  In his affidavit, he averred that he and his family had owned the property at issue, uninterrupted, for more than twenty-one years and that during the time of their ownership, a private drive had been openly and continuously used for ingress and egress across a portion of Hawthorne's property.  Worthy further averred in his affidavit that neither he, his wife, his wife's parents, "or anyone else using the drive" had been granted permission by any owner of the subservient parcel.

{¶27} Thus, the Worthy's complaint alleged all of the required elements of a prescriptive easement with respect to the gravel drive crossing a portion of Hawthorne's property.  Further, aside from the general allegations in their pleadings, evidence in the form of Kevin Worthy's affidavit was made part of the record.  Although it was not filed subsequent to Hawthorne's motion for summary judgment, it was nevertheless in the record and remained part of the record as Hawthorne never moved to strike the affidavit.

{¶28} Hawthorne's motion for summary judgment included three affidavits in support, which were filed nearly one year after Worthy's affidavit was filed.  Hawthorne's

affidavits collectively disputed the averments contained in Worthy's affidavit.  More specifically, Hawthorne averred that he purchased his property in 2002 and that there was no evidence of a road in use at that time.  He further averred that it was not until 2004 that Larry Sheline, the Worthys' tenant, was given permission to cross a portion of Hawthorne's property, only after Sheline had already begun clearing a road.  Sheline's affidavit similarly averred that he was a tenant on the Worthy's property beginning in 2004, that he had observed no use of the claimed road for five years prior to 2004, and that Hawthorne had granted him permission to clear a road, but only to be used on a temporary basis.  The final affidavit attached to Hawthorne's motion was that of Larry Skeens, Hawthorne's predecessor-in-title.  Skeens averred that he purchased the property now owned by Hawthorne in 1998 and that he was there daily.  He averred that during that time the area claimed as a road was never traveled and that the area was overgrown, and that the house on the Worthy's property was abandoned.

{¶29} As demonstrated above, the affidavits filed by Hawthorne in support of his motion for summary judgment directly contradicted the affidavit previously filed by Worthy.  During the hearing on the motion for summary judgment, the trial court stated as follows:

> There is a genuine issue of material fact that is created because I've got one party saying there's no use of that property and I've got another party saying there has been.  And that, at its essence, the simplest of the facts.  It's polar opposite.

Thus, the trial court expressly acknowledged that the conflicting affidavits of the parties created a genuine issue of material fact.

{¶30} Elsewhere in the hearing transcript, the trial court stated on the record as follows regarding its thought process:

When you file that Motion for Summary Judgement [sic] and you have supplemented your client's position with additional affidavits of the uninterested, uh, individuals to the issue at hand, does that overcome a genuine issue of material fact that exists only in the form of a self-serving affidavit and a complaint that was filed by the Plaintiff in this case? That's the only issue we have to look at.

\* \* \*

Were they using the property or were they not? We can determine that in a quick, little bench trial in a day to see what it is. However, procedurally, are you allowed to create that genuine issue and material fact with only a self-serving statement. That's the question that we have at this stage and that's what's gotta be determined.

{¶31} In its final order, the trial court expressly framed the issue it was deciding as whether "as a matter of law, \* \* \* Kevin S. Worthy's personal affidavit was sufficient to overcome the declarations set forth in affidavits of Mr. Skeens and Mr. Sheline, which were attached in support of defendant's Motion." The trial court ultimately granted Hawthorne's motion for summary judgment, basing its decision, at least in part, upon its finding that Worthy's affidavit was self-serving and, as such, his affidavit was not enough to overcome Hawthorne's motion.

{¶32} We believe the trial court erred in its reasoning and ultimately in its decision that summary judgment was appropriate. As noted by the trial court, the affidavits of Kevin Worthy and Kevin Hawthorne were polar opposites on the key elements needed to establish a prescriptive easement based upon a theory of adverse possession. It appears, however, that the trial court in essence determined Worthy's affidavit to be self-serving because Hawthorne filed affidavits of two disinterested parties that contradicted the averments contained in Worthy's affidavit. However, this constitutes an improper credibility determination at the summary judgment stage of the proceedings. Furthermore, such an analysis did not construe the evidence in a light

most favorable to the non-moving party, but rather it construed it in a light most favorable to the moving party.

{¶33} Importantly, we conclude that the trial court erred in characterizing Worthy's affidavit as self-serving, primarily because it contradicted the affidavits of Hawthorne's two disinterested witnesses. " 'It is axiomatic that "[a] self-serving affidavit that is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact.' " *National Collegiate Student Loan Trust 2005-3 v. Dunlap*, 2018-Ohio-2701, 115 N.E.3d 689, ¶ 37, quoting *U.S. Bank Natl. Assn. v. Bobo*, 4th Dist. Athens No. 14CA35, 2014-Ohio-4975, ¶ 16. Upon review, however, we find that Worthy's affidavit was no more self-serving than Hawthorne's affidavit. Worthy claimed open and continuous use of the alleged easement area, without the permission of Hawthorne or anyone else, for a period in excess of twenty-one years. Hawthorne denied Worthy's claims. Thus, there exists a genuine issue of material fact. Worthy's affidavit satisfied the elements of a properly-framed affidavit for purposes of Civ.R. 56(E) and it presented none of the concerns associated with sham affidavits, as discussed in *Whitt v. Wolfinger*, 2015-Ohio-2726, 39 N.E.3d 809, ¶ 39 (4th.Dist.2015) (a sham affidavit is "an affidavit that contradicts prior testimony"). Here, Worthy's affidavit was actually filed approximately one year prior to Hawthorne's motion for summary judgment and there is no suggestion that anything contained in the affidavit conflicts with Worthy's prior testimony.

{¶34} The trial court's distinction between the positions of the parties appears solely to be based upon the fact that Hawthorne had affidavits from two disinterested parties that were consistent with his own affidavit. However, as noted above, a court

must not "consider either 'the quantum' or the 'superior credibility' of evidence." *McGee, supra*, at 242, citing *Hirschberg* at 219-220. Moreover, and as also noted above, "[t]he purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist." *McGee* at 242; *Koeth, supra*.

{¶35} After conducting a de novo review, we conclude that genuine issues of material fact exist which preclude summary judgment. As such, we further conclude that the trial court erred in granting summary judgment in favor of Hawthorne. Accordingly, the Worthys' first assignment of error is sustained, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings.

ASSIGNMENT OF ERROR II

{¶36} In their second assignment of error, the Worthys contend that the trial court erred in granting summary judgment based on the limited nature of Appellee's evidence. More specifically, they argue that Hawthorne's affidavits in support of his motion for summary judgment only addressed the time period from 1998 to present, and even if this court finds there is no genuine issue of material fact regarding the establishment of the easement during that time period, there remains a genuine issue of material fact regarding whether a prescriptive easement was established from a time prior to 1975 to 1996, as alleged in the complaint. Hawthorne responds by arguing that the trial court did not address this particular issue because the Worthys never raised this argument during the summary judgment hearing. Hawthorne further argues that the trial court did not address the issue of abandonment because the Worthys did not raise the issue of a prescriptive easement arising prior to 1998. However, we conclude that in light of our disposition of the Worthys' first assignment of error, which resulted in a reversal of the

trial court's grant of summary judgment in favor of Hawthorne, as well as a remand for further proceedings, the arguments raised under their second assignment of error have been rendered moot.  Thus, we need not address it.

**JUDGMENT REVERSED AND REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY:       _____
                 Kristy S. Wilkin, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**